MADELINE KESTEN, an Infant, by DOROTHY KESTEN, Her Guardian ad Litem, et al., Appellants, *v.* NORMAN FORBES, Defendant, and VALENTINE J. STEWART, Respondent.

First Department, May 10, 1948.

*Jacob D. Fuchsberg* of counsel (*Henry E. Cohen* with him on the brief; *Cohen & Fuchsberg*, attorneys), for appellants.

*Richard E. Bauman* of counsel (*Robert J. Keegan, Jr.*, with him on the brief; *Curtis & Eberlein*, attorneys), for respondent.

SHIENTAG, J. This is an appeal by plaintiffs from a judgment in favor of defendant-respondent entered upon a verdict of a jury in a negligence action. The infant, who at the time of the accident was eight years old, was struck by an automobile owned by defendant Stewart and operated with his permission

by defendant Forbes, then seventeen years of age. The accident occurred between intersections. The issues as to negligence and freedom from contributory negligence were sharply contested at the trial. Because of certain errors of law occurring at the trial, it is unnecessary to pass on the question whether the verdict was against the weight of the evidence.

During the course of the trial a disinterested eyewitness, Brickel, was called by defendant and asked at the outset of his testimony whether he had not discussed the case with plaintiffs' attorney and given him a signed statement and yet had not been subpœnaed by him. One of the vital issues in the case was whether the infant plaintiff walked across the street, as she claimed, or whether she was playing in the street and ran across without taking due care. Brickel, testifying on behalf of defendant, said that he saw " these children playing alongside the building: * * * they were playing hide and go seek * * * when this little girl who was injured ran out in front of a car parked near the barber shop about 50 or 75 feet from the corner. She ran out in front of the car, just coincidental with the car coming along the street that struck her." On cross-examination this witness was asked whether he had signed a written statement about the accident for plaintiffs' attorney. He was shown the statement and it was then offered in evidence. The court sustained defendant-respondent's objection and the statement was marked for identification.

The written statement contains nothing, on its face at any rate, to indicate that the child was running across the street when the accident occurred or that the child was playing hide and seek. The statement should have been received in evidence as tending to impeach the credibility of the witness. For this purpose it is not necessary that " there be a direct and positive contradiction. It is enough that the testimony and the statements are inconsistent and tend to prove differing facts." (*Larkin* v. *Nassau Electric R. R. Co.*, 205 N. Y. 267, 269.) When the written statement was offered in evidence the court should have admitted it in whole or in part " as its purpose of discrediting the witness requires or justifies." It is a firmly established rule of this State that " it cannot be read to the jury or, provided it can be produced, used as a basis for a cross-examination as to its contents until it is in evidence." (*Larkin* v. *Nassau Electric R. R. Co.*, 205 N. Y. 267, 270, *supra*; see, also, *Romertze* v. *East River National Bank*, 49 N. Y. 577; *Gaffney* v. *People*, 50 N. Y. 416, 424.) We cannot tell how effectively the contents of the statement could have been used

as a basis for cross-examination. The ruling on this point was clearly prejudicial, particularly in view of the testimony elicited by defendant-respondent's counsel that the witness had given plaintiffs a written statement about the accident.

We also find that it was error to permit defendant-respondent Stewart, a police officer and owner of the automobile, who was not a witness to the accident, to testify concerning the citations he received in the police department. This was irrelevant to the case and injected considerations that should not have been presented to the jury. Defendant-respondent's counsel had a definite purpose in asking these questions and we cannot now accept his contention that the testimony which he elicited over plaintiffs' objection was of no consequence and that the error, if any, was not prejudicial.

One of the points raised by appellants is that it was error for the court to refuse to charge that the jury in determining the negligence of the defendant-respondent might consider the known custom of children to play at the scene of the accident. However, the request was made in a form which was objectionable. The standard of care remains the same — the care that would reasonably be exercised by a person of ordinary prudence under the particular circumstances of the case. On the new trial, if the facts so warrant, it would be appropriate to instruct the jury to the effect that the custom of children playing in the vicinity of the accident known by the driver or reasonably to be anticipated by him might be taken into consideration together with all the other circumstances in determining whether or not the driver was negligent.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Dore, J. P., Cohn, Callahan and Van Voorhis, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event. Settle order on notice.