KATHERINE McCOY, Respondent, v. CLARA D. GORENSTEIN, Appellant.— Appeal from a judgment and order of the Supreme Court, Saratoga County. This is a street intersection case in which the plaintiff was entering the intersection on defendant's right but was making a left turn into the street in which defendant was driving when the collision occurred. Plaintiff has had a verdict. The approach to the intersection was marked with a stop sign and plaintiff was required to stop before she entered the intersection and she testified she stopped. On cross-examination defendant's counsel inquired of plaintiff about her motor vehicle report of the accident and offered the report in evidence. It was excluded on the theory it was not an admission against interest. It contains, however, the narrative description of the accident: that plaintiff's car "was travelling west on Columbia Street and made a left hand turn onto Third Street when it was struck" by defendant's car. Since it said nothing about stopping before entering the intersection the report was admissible both as affecting credibility of plaintiff as a witness and as a statement by a party on a fact material to the issue. The proof need not be "direct and positive contradiction" of the witness; it is enough if it be inconsistent with testimony

or tend to prove different facts (*Larkin* v. *Nassau Elec. R. R. Co.*, 205 N. Y. 267, 269; *Kesten* v. *Forbes*, 273 App. Div. 646); or "material inconsistencies" (*Nagel* v. *Paige*, 264 App. Div. 231). (Cf. *Jacobs* v. *Gelb*, 271 App. Div. 101.) The question became of greater importance in the case in the light of the court's instructions. The right of way rule which would favor plaintiff in this case would operate at all only if she had stopped before entering the intersection. It is only a vehicle that has "come to a stop" which has a right of way entering a "main artery" from the right (Vehicle and Traffic Law, § 90, subd. 2). The court charged that if the plaintiff "did stop as the statute requires" she "had the right of way". The question of stopping was of importance in the case and we think the motor vehicle report ought to have been received on such an issue. Judgment reversed, on the law, and a new trial ordered, with costs to appellant to abide the result. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.