■   JEROME CONWAY, Appellant, v. PABLO RIVERA, Respondent.— Judgment dismissing the complaint at the close of plaintiff's case in a personal injury action reversed, on the law and on the facts, and a new trial directed, with costs to abide the event. Since the issue before the court was whether plaintiff had been struck by one of the vehicles as a result of the accident, the statement in respondent's accident report that the Roger vehicle (Car No. 2) "mounted sidewalk and struck a pedestrian" is material and its exclusion was error. The accident report supplies a vital link in plaintiff's chain of proof. Respondent's admission constituted original evidence. (*Gangi* v. *Fradus,* 227 N. Y. 452; Richardson, Evidence [8th ed.], § 288.) Other evidence enabled the jury to find that plaintiff was the pedestrian and that immediately after the occurrence he was transported by ambulance to Lincoln Hospital for emergency treatment. A prima facie case was thus established. Further, the statement was admissible to impeach the testimony of the declarant since it was a statement inconsistent with his testimony. "The proof need not be 'direct and positive contradiction' ° .° ° it is enough if it be

inconsistent with testimony or tend to prove different facts (*Larkin* v. *Nassau Elec. R. R. Co.*, 205 N. Y. 267, 269; *Kesten* v. *Forbes*, 273 App. Div. 646); or 'material inconsistencies' (*Nagel* v. *Paige*, 264 App. Div. 231)." (*McCoy* v. *Gorenstein*, 282 App. Div. 984-985.) Concur — Breitel, J. P., McNally, Eager and Steuer, JJ.; Stevens, J., dissents and votes to affirm.