■ SARA E. CHERNEY, Respondent, v. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF WHITE PLAINS, Appellant.— In an action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Westchester County, dated April 26, 1967, in favor of plaintiff upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact are affirmed. Plaintiff, while a 17-year-old junior at defendant's White Plains High School in 1960, was injured in the course of a gymnastic exercise known as "jumping the buck". She testified, *inter alia*, that (a) she had weak wrists; (b) she told her teacher about this condition and expressed her apprehension about engaging in the exercise; (c) her teacher nevertheless directed her to try it; and (d) in doing so her wrist collapsed and she pitched forward and sustained the injuries claimed. In an affidavit made by her father about 11 months after the accident (he was then her guardian ad litem for this action) in support of an application to file a late notice of claim, he averred, *inter alia*, that the buck "was raised to a height about which the infant claimant * * * and others remonstrated, but nevertheless the teacher in charge directed the assembled students to proceed, and upon the initial refusal of the infant claimant * * * said teacher insisted that she do so." He further averred that, upon following said instructions and directions, the infant suffered the injury complained of. Omitted therefrom was any reference to the infant's weak wrist condition and to the notice with respect thereto given to the teacher. In an accompanying affidavit executed by the infant claimant she stated that she had read the foregoing affidavit of her father and affirms "that the facts contained therein pertaining to the accident and injury complained of are true and correct in every respect." On cross-examination, defendant's counsel elicited from plaintiff that (a) she thinks she read the paragraph containing the statement above quoted before she signed her affidavit; (b) to the best of her recollection it was correct; and (c) she believes the facts therein were true at the time. Defendant's counsel thereupon offered the above-mentioned part of the father's affidavit into evidence together with plaintiff's said affidavit. The latter affidavit was admitted into evidence, but the offered portion of the father's statement was excluded. We are of the opinion that, predicated on plaintiff's testimony, a prima facie case of actionable negligence was established; and we would not be inclined to interfere with the jury's appraisal of the credibility of her testimony. We also reject as being without merit defendant's contentions that the doctrine of *respondeat superior* is inapplicable to the situation at bar and that the fact that the teacher in charge was not made a party to the action renders the complaint against her principal, the defendant Board of Education, dismissible (see *Shaw* v. *Village of Hempstead,* 20 A D 2d 663; *Cianci* v. *Board of Educ.,* 18 A D 2d 930; *Scaduto* v. *Brentwood School Dist.,* 19 A D 2d 861; *Sandak* v. *Tuxedo Union School Dist. No. 3,* 308 N. Y. 226; *Friedman* v. *Board of Educ.,* 262 N. Y. 364; *Kosiba* v. *City of Syracuse,* 287 N. Y. 283). However, in view of the significance of plaintiff's testimony with respect to her weak wrists and her apprising the teacher thereof, we are of the opinion that the exclusion of the offered portion of the father's affidavit deprived defendant of the benefit of the jury's appraisal thereof vis-a-vis plaintiff's testimony at the trial and her father's testimony that his statement was a condensed version of the facts with respect to the accident and injury. It also precluded an evaluation by the jury of the significance of the omission of any reference to plaintiff's weak wrists and of the notice given with respect thereto on the issue of the veracity of plaintiff's version at the trial and her consequent credibility (see *Kesten* v. *Forbes,* 273 App.

Div. 646; *McCoy* v. *Gorenstein*, 282 App. Div. 984). We construe plaintiff's affidavit as adopting the statement contained in her father's affidavit. Accordingly, the father's statement was admissible as her statement; and the omission of any reference to plaintiff's weak wrist condition and to her apprising the teacher thereof constituted an omission by plaintiff (see Richardson, Evidence [9th ed.], § 314; 4 Wigmore, Evidence [3d ed.], § 1075; 29 Am. Jur. 2d, Evidence, §§ 707, 708). Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.