■ CARMEN FUENTES et al., Appellants, v BROOKHAVEN MEMORIAL HOSPITAL, Defendant, and EROL Y. CAYPINAR, Respondent. [674 NYS2d 744] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 15, 1997, which granted the motion of the defendant Erol Y. Caypinar pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him, and (2) a judgment of the same court, dated July 11, 1997, which dismissed the complaint insofar as asserted against Erol Y. Caypinar.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Contrary to the plaintiffs' contention, the Supreme Court properly determined that the plaintiffs failed to comply with the conditions precedent to commencing an action under the circumstances in this case (see, General Municipal Law §§ 50-e, 50-i). The record indicates that the name at the top of all of the

prenatal care records for the plaintiff Carmen Fuentes, which, at the time of her delivery, were on file with the labor and delivery unit at Brookhaven Memorial Hospital, was the Suffolk County Department of Health Services. At the very least, the plaintiffs' counsel could, with a minimum of investigation, have surmised that it was necessary to file a notice of claim.

Furthermore, the plaintiffs have failed to offer any facts regarding when they hired their counsel or evidence that counsel was misled by the circumstances herein so as to affect the filing of a notice of claim (*see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668). The fact that this action was commenced two-and-one-half years after the occurrence of the alleged malpractice further underscores the plaintiffs' total failure to develop facts supporting an estoppel theory (*see, Norr v Spiegler,* 72 AD2d 20, *affd* 53 NY2d 661).

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Pizzuto, Santucci and Altman, JJ., concur.