■ THERESA COLON, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [731 NYS2d 881] —In an action to recover damages for medical malpractice, the defendants City of New York, New York City Health & Hospitals Corporation, Efren DeLeon Quinto, and Andrew Chin, s/h/a John Chin, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated September 14, 2000, as granted that branch of the plaintiff's motion which was to strike their affirmative defense of the Statute of Limitations and denied that branch of their cross motion which was to dismiss the complaint insofar as asserted against them as time-barred.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion which was to strike the affirmative defense of the Statute of Limitations asserted on behalf of the defendant Andrew Chin, s/h/a John Chin, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying that branch of the cross motion which was to dismiss the complaint insofar as asserted against the defendant Andrew Chin, s/h/a John Chin, and the defendants City of New York and New York City Health & Hospitals Corporation based upon their vicarious liability for the alleged negligence of the defendant Andrew Chin, s/h/a John Chin, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly applied the continuous treatment doctrine to the plaintiff's claims against the defendant Efren DeLeon Quinto. There is sufficient evidence of "an agency or other relevant relationship" between Quinto and the defendant Sudaram Raju to warrant imputing the treatment rendered to the plaintiff by Raju to Quinto (*Meath v Mishrick,* 68 NY2d 992, 994; *see, Pierre-Louis v Ching-Yuan Hwa,* 182 AD2d 55).

However, the continuous treatment toll does not apply to the

defendant Andrew Chin, s/h/a John Chin (see, Mandel v Herrmann, 271 AD2d 661). Moreover, there was no agency relationship between Chin and Raju that would warrant imputing Raju's treatment of the plaintiff to Chin (see, Meath v Mishrick, supra, at 994; Elliott v New York Hosp., 276 AD2d 521). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was to strike the affirmative defense of the Statute of Limitations asserted on behalf of Chin. Furthermore, it should have granted that branch of the appellants' cross motion which was to dismiss the complaint insofar as asserted against Chin, as well as against the City of New York and New York City Health & Hospitals Corporation based upon their vicarious liability for Chin's alleged negligence.

The appellants' remaining contentions are without merit. Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.