■ CARMEN FUENTES, Appellant, et al., Plaintiff, v BROOKHAVEN MEMORIAL HOSPITAL, Respondent, et al., Defendant. [780 NYS2d 777]—

In an action to recover damages for medical malpractice, etc., the plaintiff Carmen Fuentes appeals from an order of the Supreme Court, Suffolk County (Werner, J.), entered March 19, 2003, which granted the motion of the defendant Brookhaven Memorial Hospital, in effect, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Brookhaven Memorial Hospital.

The plaintiffs commenced this action to recover damages for medical malpractice allegedly arising from treatment rendered by the defendant Dr. Erol Y. Caypinar at the defendant Brookhaven Memorial Hospital (hereinafter Brookhaven). In 1997 the Supreme Court granted Dr. Caypinar's motion to dismiss the complaint insofar as asserted against him on the ground that the plaintiffs failed to serve a timely notice of claim upon him pursuant to General Municipal Law § 50-d and judgment was entered dismissing the complaint insofar as asserted against him (*see Fuentes v Brookhaven Mem. Hosp.*, 251 AD2d 540 [1998]). Brookhaven contends that dismissal of the complaint insofar as asserted against it is warranted based on res judicata. Brookhaven argues that, because its alleged liability is vicarious only, dismissal of the complaint insofar as asserted against Dr. Caypinar requires dismissal of the complaint insofar as asserted against it. The Supreme Court granted the motion. We reverse.

The doctrine of res judicata holds that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action (*see Ott v Barash*, 109 AD2d 254 [1985]). However, the dismissal of a complaint as against one party need not be given res judicata effect as against another vicariously liable for the same conduct when the dismissal was based upon a defense that was personal to that party (*see* Restatement [Second] Judgments § 51 [1] [b]). Here, Brookhaven was not a "public institution" within the meaning of General Municipal Law § 50-d and, therefore, no notice of claim pursuant to that section need have been served upon it (*see Thaw v Onyebeke*, 294 AD2d 490 [2002]). To the extent that our decision in *Fuentes*

*v Brookhaven Mem. Hosp. (supra)* may be read to the contrary, it should not be followed. Accordingly, the dismissal of the complaint as against Dr. Caypinar was on a basis personal to him that was not available to Brookhaven. Further, the dismissal was not based upon and did not determine the merits of the underlying allegations of medical malpractice (*see* Siegel, NY Prac § 446 [3d ed]; *cf. Perrone v Grover,* 272 AD2d 312 [2000]; *Matter of Edward Joy Co. v Hudacs,* 199 AD2d 858, 860 [1993]). Accordingly, application of the doctrine of res judicata to dismiss the complaint as against Brookhaven was not warranted. Ritter, J.P., Florio, Smith and H. Miller, JJ., concur.