■ ALEJANDRO HERNANDEZ, Respondent, v HARRISON CENTRAL SCHOOL DISTRICT, Appellant. [828 NYS2d 207]—In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 29, 2006, as granted that branch of the plaintiff's motion which was for leave to renew his prior motion for leave to amend a notice of claim, which had been denied in an order of the same court entered December 15, 2005, and upon renewal, in effect, vacated the prior determination, granted the motion for leave to amend, deemed the proposed amended notice of claim served as of the date of entry of the order dated March 29, 2006, and, in effect, denied, as academic, that branch of the plaintiff's motion which was for leave to serve a late notice of claim and to restore the action.

Ordered that the order is reversed insofar as appealed from,

on the facts and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for leave to renew is denied, the order entered December 15, 2005 is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a determination of that branch of the plaintiff's motion which was for leave to serve a late notice of claim and to restore the action, on the merits.

The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to renew since the relevant material offered in support of that branch of the motion did not constitute "new facts not offered on the prior motion" within the meaning of the pertinent rule (CPLR 2221 [e] [2]).

Because the Supreme Court, upon renewal, granted the plaintiff's motion for leave to amend the notice of claim, it, in effect, denied, as academic, that branch of the plaintiff's motion which was for leave to serve a late notice of claim and to restore the action. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a determination of that branch of the plaintiff's motion on the merits. Mastro, J.P., Spolzino, Florio and Skelos, JJ., concur.