■ Yolanda Magriz, Respondent, v St. Barnabas Hospital et al., Appellants, et al., Defendants. [841 NYS2d 245]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered April 12, 2006, which denied motions for summary judgment dismissing the complaint as against St. Barnabas Hospital and Drs. Homer, Glenn and Zambito, unanimously reversed, on the law, without costs, the motions granted and the complaint dismissed as to the individual movants and as to defendant hospital to the extent that its liability is premised upon the acts of the individual movants. The Clerk is directed to enter judgment accordingly.

It is undisputed that, on August 21, 1999, plaintiff presented to St. Barnabas's emergency room, complaining of lower back pain and was treated and discharged by Dr. Homer, an attending physician. She returned to the emergency room by ambulance on August 25, 1999 and was treated and discharged by Dr. Glenn, another attending physician. The following day, August 26, 1999, plaintiff again returned by ambulance to the emergency room where she was evaluated by Dr. Zambito. Later that day, plaintiff was admitted to the hospital by Dr. Fredo, a staff neurologist, who properly diagnosed the patient's condition as cauda equina syndrome and contacted a neurosurgeon at Columbia-Presbyterian Hospital to which she was transferred three days later, and where she underwent surgery to correct her condition.

Plaintiff concedes that her action should have been dismissed as against Drs. Homer and Glenn as barred by the statute of limitations, the action having been commenced by the filing of the summons and complaint on February 28, 2002. She also does not dispute Dr. Zambito's claim that her action against him is also time-barred. Nevertheless, relying upon the doctrine of ostensible agency (*see Welch v Scheinfeld*, 21 AD3d 802, 808-809 [2005]), she argues that it is irrelevant that her action against Drs. Homer, Glenn and Zambito is untimely because St. Barnabas is vicariously liable for their conduct whether they are in or out of the case as individually named defendants. However, while a hospital may be vicariously liable for acts of independent physicians where a patient enters the hospital through the emergency room, and seeks treatment from the hospital rather than a particular physician (*see Shafran v St. Vincent's Hosp. & Med. Ctr.*, 264 AD2d 553, 558 [1999]), such rationale presupposes that the patient has a viable cause of action against the physicians who treated her. Here, since plaintiff concedes that her claims against the individual doctors who treated her in St. Barnabas's emergency room must be dismissed as untimely, it necessarily follows that any cause of action

against St. Barnabas based on the theory of respondeat superior and premised upon the alleged malpractice of those doctors must also be dismissed (*see DiFilippi v Huntington Hosp.*, 203 AD2d 321 [1994]; *Walsh v Faxton-Children's Hosp.*, 192 AD2d 1106, 1107 [1993]). All claims based on acts or omissions prior to April 28, 1999 are thus time-barred. Concur—Andrias, J.P., Saxe, Nardelli, Williams and Catterson, JJ.