■ DEEPAK TRIVEDI, Appellant, v ROBERT GOLUB, Defendant, and FLUSHING HOSPITAL MEDICAL CENTER, Respondent. [847 NYS2d 211]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated December 7, 2006, which granted the motion of the defendant Flushing Hospital Medical Center for summary judgment dismissing the complaint insofar as asserted against it on the ground that the complaint insofar as asserted against the defendant Robert Golub, for whom it was allegedly vicariously liable, had been dismissed for improper service of process.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendant Flushing Hospital Medical Center is denied.

In an action against an employer based upon the doctrine of respondeat superior, the employee allegedly committing the tortious conduct is not a necessary party (see Rock v County of Suffolk, 212 AD2d 587 [1995]; Shaw v Village of Hempstead, 20 AD2d 663 [1964]; Wiedenfeld v Chicago & N.W. Transp. Co., 252 NW2d 691 [Iowa 1977]). Accordingly, the fact that personal jurisdiction was not acquired over the defendant hospital's employee, the defendant Dr. Robert Golub, did not warrant dismissal of the action against the hospital. We further note that the action against Golub was dismissed for lack of personal jurisdiction, and not on the merits. Moreover, while it is true that "[i]n the absence of any wrongful or actionable underlying conduct [by an employee] there can be no imposition of vicarious liability against any alleged employer . . . pursuant to the doctrine of respondeat superior" (Wende C. v United Methodist Church, N.Y. W. Area, 6 AD3d 1047, 1052 [2004], affd 4 NY3d 293 [2005]), in the instant case, there has been no determination with respect to whether Golub's conduct was wrongful or actionable. Goldstein, J.P., Skelos, Dillon and Covello, JJ., concur.