■ MICHAEL SHAPIRO, Appellant, v GOOD SAMARITAN REGIONAL HOSPITAL MEDICAL CENTER, Respondent, et al., Defendant. (And a Third-Party Action.) [865 NYS2d 680]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated December 21, 2007, as granted that branch of the motion of the defendant Good Samaritan Regional Hospital Medical Center which was for leave to make a late motion for summary judgment and, thereupon, granted that branch of the motion which was for summary judgment dismissing so much of the first cause of action insofar as asserted against it as is predicated upon negligent interpretation of pathology specimens.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Good Samaritan Regional Hospital Medical Center which was for summary judgment dismissing so much of the first cause of action insofar as asserted against it as is predicated upon negligent interpretation of pathology specimens and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs.

On September 23, 1998 the plaintiff underwent surgery at Good Samaritan Regional Hospital Medical Center (hereinafter the hospital) to remove a cancerous lesion in his mouth. A second surgical procedure to remove additional cancerous tissue was performed at the hospital on October 7, 1998. The plaintiff's cancer subsequently spread, and in July 1999 he was required to undergo an extensive third surgery at another hospital to remove cancerous tissue, and reconstruct his right cheek.

On March 20, 2000 the plaintiff commenced this action against the private attending physician who had performed the September and October 1998 surgeries, and against the hospital. The plaintiff alleged that the hospital's negligence included the failure to properly interpret tissue specimens from his surgeries, which were misdiagnosed as clear when they actually contained cancer. During the course of discovery, the plaintiff learned that the pathologist who had interpreted his surgical specimens was actually employed by a separate professional corporation which provided pathology services to the hospital (hereinafter the pathologists). In July 2005 the hospital commenced a third-party action against the pathologists, and the

plaintiff subsequently moved for leave to serve and file a supplemental summons and an amended complaint adding the pathologists as direct defendants. The Supreme Court granted the plaintiff's motion, concluding that despite the expiration of the statute of limitations, the proposed claim against the pathologists was not time-barred under the relation-back doctrine because the hospital and pathologists were united in interest. However, by decision and order dated July 10, 2007, this Court reversed, concluding that even if the plaintiff had satisfied the first two elements of the relation-back doctrine test, he had failed to satisfy the third element, which required him to establish that the pathologists knew or should have known that, but for a mistake as to the identity of the proper parties, this action would have been brought against them as well (*see Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 42 AD3d 443 [2007]). Less than two months later, the hospital moved, inter alia, for leave to make a late motion for summary judgment and, thereupon, for summary judgment dismissing so much of the first cause of action insofar as asserted against it as is predicated upon negligent interpretation of the pathology specimens. The hospital primarily argued that it could not be held vicariously liable for the actions of the pathologists because the plaintiff's claims against the pathologists were time-barred. In support of its position, the hospital argued that the recently-decided case of *Magriz v St. Barnabas Hosp.* (43 AD3d 331 [2007]), was controlling authority, and mandated dismissal. The Supreme Court concluded that *Magriz* was controlling, and thus, the plaintiff was precluded from seeking to hold the hospital vicariously for the pathologists' actions on an apparent agency theory. We disagree.

Contrary to the Supreme Court's conclusion, the plaintiff's failure to commence a timely direct action against the pathologists within $2^1/_2$ years after they interpreted the tissue specimens from his September and October 1998 surgeries does not compel dismissal of the plaintiff's vicarious liability claim against the hospital. The plaintiff's action against the hospital was timely commenced within the applicable $2^1/_2$-year limitations period, and the pathologists are not necessary parties to an action seeking to hold the hospital vicariously liable for their alleged negligence on respondeat superior principles (*see Trivedi v Golub*, 46 AD3d 542, 543 [2007]; *Rock v County of Suffolk*, 212 AD2d 587 [1995]; *Cherney v Board of Educ. of City School Dist. of City of White Plains*, 31 AD2d 764 [1969]; *see also Thomsen v Suffolk County Police Dept.*, 50 AD3d 1015 [2008]). The plaintiff's timely commencement of this action against the hospital distinguishes this case from *Magriz v St. Barnabas*

*Hosp.* (43 AD3d 331 [2007]), and similar authority holding that a vicarious liability claim is extinguished where there is no primary liability upon which the claim of vicarious liability might rest (*see e.g. Colon v City of New York*, 287 AD2d 591 [2001]; *Culhane v Schorr*, 259 AD2d 511 [1999]; *Cox v Kingsboro Med. Group*, 214 AD2d 150 [1995], *affd* 88 NY2d 904 [1996]; *DiFilippi v Huntington Hosp.*, 203 AD2d 321 [1994]; *Walsh v Faxton-Children's Hosp.*, 192 AD2d 1106 [1993]; *see also Karaduman v Newsday, Inc.*, 51 NY2d 531 [1980]).

As an alternative basis for affirmance, the hospital contends that it cannot be held liable for the acts or omissions of the pathologists on an apparent agency theory. However, the hospital did not move for summary judgment on the ground that the pathologists could not be considered its apparent agents, and submitted no evidence on this issue. Accordingly, this issue is not properly before us (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]; *Dooley v Peerless Importers, Inc.*, 42 AD3d 199, 206 [2007]; *Triantafillopoulos v Sala Corp.*, 39 AD3d 740 [2007]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.