■ SHARITA WADE et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [874 NYS2d 171]—

In an action to recover damages for negligence and medical

malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Elliot, J.), dated June 12, 2007, which, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that it was barred by the doctrine of res judicata, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss stated portions of the first cause of action, the second cause of action, and the third cause of action as time-barred, and denied, as academic, their cross motion for leave to serve a late notice of claim upon the defendant New York City Health and Hospitals Corporation.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof, in effect, granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that it was barred by the doctrine of res judicata and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof, in effect, granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss so much of the first cause of action as alleged inadequate supervision and training of obstetrical personnel and substituting therefor a provision denying that branch of the motion, and (3) by deleting the provision thereof denying, as academic, the plaintiffs' cross motion for leave to serve a late notice of claim upon the defendant New York City Health and Hospitals Corporation; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiffs' cross motion for leave to serve a late notice of claim upon the defendant New York City Health and Hospitals Corporation.

On October 18, 1991 the infant plaintiff was born in a hospital operated by the defendant New York City Health and Hospitals Corporation (hereinafter NYCHHC). It is alleged that the defendant doctors Arthur Fougner and Marjorie Stephens-Ashton were employees of NYCHHC. It is further alleged that the defendant doctors treated the infant plaintiff's mother during the two-week period preceding the infant plaintiff's birth, and treated the infant plaintiff after her birth.

In 1996 the mother, on behalf of the infant plaintiff and individually, commenced an action against NYCHHC to recover damages for, inter alia, injuries the infant plaintiff allegedly sustained as a result of alleged medical malpractice committed by NYCHHC's employees. NYCHHC subsequently moved to

dismiss the complaint for failure to serve a timely notice of claim. In the resultant order, affirmed by this Court (*see Wade v New York City Health & Hosps. Corp.,* 16 AD3d 677 [2005]), the Supreme Court, among other things, granted NYCHHC's motion.

In 2006 the mother, on behalf of the infant plaintiff and individually, commenced the instant action against NYCHHC and the defendant doctors, asserting three causes of action. The defendants subsequently moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint, arguing that it was barred by the doctrine of res judicata and the statute of limitations. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to dismiss the complaint on the ground that it was barred by the doctrine of res judicata. We modify.

The prior action was dismissed because the plaintiffs failed to timely serve a notice of claim, a condition precedent to an action against NYCHHC (*see* General Municipal Law § 50-e [1] [a]; McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20, as added by L 1969, ch 1016, § 1, as amended]; *Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 61 [1984]). Such a dismissal is not a dismissal on the merits (*see Fuentes v Brookhaven Mem. Hosp.,* 10 AD3d 384, 386 [2004]). Since one of the prerequisites to the invocation of the doctrine of res judicata is that a prior action was determined on the merits (*see Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614, 615-616 [1985]; *Fuentes v Brookhaven Mem. Hosp.,* 10 AD3d at 385-386), the Supreme Court incorrectly concluded that the instant action was barred by the doctrine of res judicata (*cf. Wilson v New York City Hous. Auth.,* 15 AD3d 572, 573 [2005]; *Fuentes v Brookhaven Mem. Hosp.,* 10 AD3d at 385-386).

Nevertheless, the second cause of action, sounding in medical malpractice, was properly dismissed, since, under the circumstances, it was time-barred (*see* General Municipal Law § 50-i; CPLR 208; *Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630, 634 [1991]). In this regard, the second cause of action was asserted against the defendant doctors, who allegedly had physician-patient relationships with the plaintiffs. The second cause of action was based upon certain alleged departures of those doctors from good and accepted medical practice in their treatment of the plaintiffs (*see Scott v Uljanov,* 74 NY2d 673, 673-674 [1989]).

In contrast, contrary to the Supreme Court's conclusion, so much of the first cause of action as alleged inadequate supervi-

sion and training of NYCHHC's obstetrical personnel sounded in negligence, and was, under the circumstances, timely asserted (*see* General Municipal Law § 50-i; CPLR 208). In this regard, that portion of the first cause of action, asserted only against NYCHHC, is not based upon an allegation that NYCHHC was vicariously liable for the defendant doctors' alleged medical malpractice, which would render that portion of the cause of action untimely (*see Bleiler v Bodnar*, 65 NY2d 65, 72 [1985]). Rather, that portion of the first cause of action, as well as the other allegations concerning NYCHHC's failure, among other things, to promulgate and enforce proper procedures and regulations, which the court found sounded in negligence, are based upon certain alleged omissions of the hospital's management. It cannot be said that this "challenged conduct" either "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" (*Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 788 [1996] [internal quotation marks omitted]). Indeed, determining whether this challenged conduct constituted a breach of NYCHHC's duty to exercise due care would not require "an analysis of the medical treatment furnished" to the plaintiffs by the hospital's employees (*Weiner v Lenox Hill Hosp.*, 88 NY2d at 788; *see Bleiler v Bodnar*, 65 NY2d at 73-74).

The third cause of action, the derivative claim of the mother, was properly dismissed, since, under the circumstances, it was time-barred (*see Ann Mary J. v City of N.Y., Health & Hosps. Corp.*, 204 AD2d 690, 692 [1994]).

Since the Supreme Court determined that the complaint should be dismissed in its entirety on the ground that it was barred by the doctrine of res judicata, the court denied, as academic, the plaintiffs' cross motion for leave to serve a late notice of claim upon NYCHHC. Under the circumstances, we remit the matter to the Supreme Court, Queens County, for a determination of that cross motion on the merits (*cf. Hernandez v Harrison Cent. School Dist.*, 36 AD3d 665, 666 [2007]; *Scalise v State of New York*, 210 AD2d 916, 917 [1994]).

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.