■ JAMIE RAAB, Respondent, v KALEIDA HEALTH et al., Appellants, et al., Defendants. [875 NYS2d 411]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered May 19, 2008 in a medical malpractice action. The order granted the motion of plaintiff for leave to reargue and, upon reargument, denied without prejudice plaintiff's cross motion for judgment as a matter of law with respect to the vicarious liability of defendants Kaleida Health and The Children's Hospital of Buffalo.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries she sustained during surgery at defendant The Children's Hospital of Buffalo, which is owned by defendant Kaleida Health (collectively, Kaleida defendants). Supreme Court granted the motion of Ronald Alberico (defendant), a neuroradiologist seeking to dismiss the complaint against him and denied as moot plaintiff's cross motion seeking judgment as a matter of law determining that the Kaleida defendants are vicariously liable for the conduct of the neuroradiologist. Plaintiff subsequently moved for leave to reargue the cross motion and to vacate the court's prior determination that the cross motion was moot. The court granted the motion for leave to reargue and, upon reargument, denied the cross motion without prejudice, pending completion of discovery. We affirm.

The court dismissed the complaint against defendant based on his affirmative defense that plaintiff failed to comply with Public Authorities Law § 3567, which applies to actions against

defendant's employer, i.e., the Roswell Park Cancer Institute Corporation. That affirmative defense is thus unavailable to the Kaleida defendants, and "the dismissal of a complaint as against one party need not be given res judicata effect as against another vicariously liable for the same conduct when the dismissal was based upon a defense that was personal to that party" (*see Fuentes v Brookhaven Mem. Hosp.*, 10 AD3d 384, 385 [2004]). Contrary to the contention of the Kaleida defendants, the dismissal of the complaint against defendant does not preclude a finding that the Kaleida defendants are vicariously liable for defendant's conduct (*see id.* at 385-386; *see also Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 55 AD3d 821, 823-824 [2008]; *Trivedi v Golub*, 46 AD3d 542 [2007]). Present— Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ.