In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated June 29, 2011, as granted that branch of the motion of the defendant Brooklyn Hospital Center which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the treatment rendered to the plaintiffs decedent by a nonparty physician.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Brooklyn Hospital Center which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the treatment rendered to the plaintiffs decedent by a nonparty physician is denied.
Following her father’s death, the plaintiff, as administrator of his estate, commenced a medical malpractice and wrongful death action against, among others, Brooklyn Hospital Center (hereinafter BHC). However, the plaintiff failed to name one of the attending physicians in charge of her father’s care as a defendant before the statute of limitations had run. BHC moved, inter alia, for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for that nonparty physician’s actions, arguing that the plaintiff did not have a viable cause of action against him. The Supreme Court agreed, and granted that branch of BHC’s motion.
Contrary to the Supreme Court’s conclusion, where, as here, a plaintiff timely commences a medical malpractice action against a defendant hospital on respondeat superior principles, the failure to name the individual doctors upon whom the claim is predicated as defendants within the applicable statute of limitations period “does not compel dismissal of the plaintiff’s vicarious liability claim against the hospital” (Shapiro v Good Samaritan Regional Hosp. Med. Ctr., 55 AD3d 821, 823 [2008]; *665 cf. Magriz v St. Barnabas Hosp., 43 AD3d 331 [2007]; DiFilippi v Huntington Hosp., 203 AD2d 321 [1994]; Walsh v Faxton-Children’s Hosp., 192 AD2d 1106 [1993]). Based on the foregoing, the Supreme Court erred in granting that branch of BHC’s motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the treatment rendered to the plaintiff’s father by the nonparty physician. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.