■ NICHOLAS SMOLIAN, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents, et al., Defendants. [9 NYS3d 329]—

In an action, inter alia, to recover damages for false arrest and assault and battery, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), entered September 13, 2012, which granted the motion of the defendants Port Authority of New York and New Jersey, Anthony Croce, Daniel Francis, and Rafael Ruiz for summary judgment dismissing the complaint and the supplemental complaint insofar as asserted against the defendant Port Authority of New York and New Jersey and the complaint insofar as asserted against the defendants Anthony Croce, Daniel Francis, and Rafael Ruiz, the separate motion of the defendant Jamaica Hospital and Medical Center for summary judgment dismissing the complaint and the supplemental complaint insofar as asserted against it, and the separate motions of the defendant Jamaica Psychiatric Services and the defendant Franck Paul for summary judgment dismissing the supplemental complaint insofar as asserted against each of them.

Ordered that the notice of appeal is deemed to be a notice of appeal by the plaintiff (see Matter of Tagliaferri v Weiler, 1 NY3d 605 [2004]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendants Port Authority of New York and New Jersey, Anthony Croce, Daniel Francis, and Rafael Ruiz which were for summary judgment dismissing the causes of action alleging false arrest and assault and battery insofar as asserted against the defendant Port Authority of New York and New Jersey, and substituting therefor a provision denying those branches of the motion, (2) by deleting the provisions thereof granting those branches of the motion of the defendants Port Authority of New York and New Jersey, Anthony Croce, Daniel Francis, and Rafael Ruiz which were for summary judgment dismissing the complaint insofar as asserted against the defendants Anthony Croce, Daniel Francis, and Rafael Ruiz, and substituting therefor a provision denying those branches of the motion, and (3) by deleting the provisions thereof granting those branches of the separate motion of the defendant Jamaica Hospital and Medical Center which were for summary judgment dismissing the causes of action alleging that it is vicariously liable for the alleged medical malpractice of the defendant Franck Paul, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff, payable by the defendants Port Authority of New York and New Jersey, Anthony Croce, Daniel Francis, and Rafael Ruiz and the defendant Jamaica Hospital and Medical Center, appearing separately and filing separate briefs, and one bill of costs to the defendant Jamaica Psychiatric Services and the defendant Franck Paul, payable by the plaintiff.

On October 12, 2003, the plaintiff was at a parking garage at John F. Kennedy International Airport (hereinafter the airport) to scout out a suitable location from which he could watch the Concorde supersonic transport airplane make one of its final departures. He had with him various papers and diagrams pertaining to areas of the airport that were open to viewing by the public. After a security guard deemed him to be "suspicious," police officers employed by the defendant Port Authority of New York and New Jersey (hereinafter the Port Authority), including the defendants Anthony Croce, Daniel Francis, and Rafael Ruiz (hereinafter collectively the individual Port Authority police officers), arrived at the parking garage and, with the plaintiff's consent, searched his shoulder bag and reviewed his papers. The plaintiff testified at his deposition that, although

he told Croce and Croce's supervisor that he was there to watch planes, he was handcuffed and transported to the Port Authority police station located at the airport. On appeal, the Port Authority did not dispute that the plaintiff had not committed any crimes.

The Port Authority police contacted the Joint Terrorism Task Force of the Federal Bureau of Investigation (hereinafter the FBI) and the New York City Police Department, as well as the FBI proper. It was eventually determined that the plaintiff did not pose a threat to national security, and those entities did not intend to respond to the situation. Nonetheless, the Port Authority Police Department contacted emergency medical technicians (hereinafter EMTs), based on the theory that the plaintiff was an emotionally disturbed person. Accordingly, EMTs Christina Lijo and Genesia Santiago arrived at the Port Authority police station, and transported the plaintiff to the defendant Jamaica Hospital and Medical Center (hereinafter JHMC) against his will, accompanied by a Port Authority police officer. While at JHMC, the plaintiff was evaluated by the defendant Franck Paul, a psychiatrist. Paul determined that the plaintiff was suffering from bipolar disorder, and directed the forcible injection of a tranquilizer into the plaintiff, as well as the drawing of blood from the plaintiff. The plaintiff was kept overnight involuntarily in JHMC's emergency room and was discharged the following morning by a different psychiatrist.

As is relevant to this appeal, in a complaint dated September 27, 2004, the plaintiff asserted several causes of action against the Port Authority, the individual Port Authority police officers, and JHMC. In a supplemental complaint dated October 5, 2006, the plaintiff asserted causes of action against the Port Authority, JHMC, Paul, and Jamaica Psychiatric Services (hereinafter JPS), Paul's employer. In an order dated September 6, 2012, the Supreme Court granted the separate motions of the Port Authority and the individual Port Authority police officers, JHMC, Paul, and JPS for summary judgment dismissing the complaint and, insofar as relevant, the supplemental complaint, insofar as asserted against each of them, concluding, inter alia, that the Port Authority police officers had probable cause to arrest the plaintiff, that Paul did not engage in medical malpractice when he involuntarily confined the plaintiff to the emergency room overnight, and that many of the plaintiff's causes of action were barred by the applicable statutes of limitations. The plaintiff appeals.

Initially, the plaintiff contends that the Supreme Court erred

in awarding summary judgment to the Port Authority and the individual Port Authority police officers dismissing the causes of action to recover damages for false arrest and assault and battery insofar as asserted against them. We agree. Although "[p]robable cause to believe that a person committed a crime is a complete defense to an action alleging false arrest or false imprisonment, whether brought under state law or 42 USC § 1983" (*Rodgers v City of New York*, 106 AD3d 1068, 1069 [2013]; *see Wasilewicz v Village of Monroe Police Dept.*, 3 AD3d 561, 562 [2004]), here, the submissions of the Port Authority and the individual Port Authority police officers revealed the existence of triable issues of fact as to whether the plaintiff's arrest was based on probable cause (*see MacDonald v Town of Greenburgh*, 112 AD3d 586, 587 [2013]; *Carlton v Nassau County Police Dept.*, 306 AD2d 365, 365-366 [2003]). Indeed, it is not clear what crime the plaintiff could have been arrested for.

The Port Authority contends that, even if the record is devoid of any reference to what crime the plaintiff was thought to have committed, the plaintiff's arrest was lawful by virtue of Mental Hygiene Law § 9.41. That provision states, in relevant part, that "[a]ny peace officer, when acting pursuant to his or her special duties, or police officer who is a member of the state police or of an authorized police department or force or of a sheriff's department may take into custody any person who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others. Such officer may direct the removal of such person or remove him or her to any hospital specified in subdivision (a) of section 9.39 or any comprehensive psychiatric emergency program specified in subdivision (a) of section 9.40, or, pending his or her examination or admission to any such hospital or program, temporarily detain any such person in another safe and comfortable place, in which event, such officer shall immediately notify the director of community services or, if there be none, the health officer of the city or county of such action." (Mental Hygiene Law § 9.41.) However, the submissions of the Port Authority and the individual Port Authority police officers revealed the existence of triable issues of fact as to whether the individual Port Authority police officers could reasonably have concluded, under the circumstances confronting them, that the plaintiff had a mental illness and that he was conducting himself in a manner likely to result in serious harm to himself or others (*cf. Higgins v City of Oneonta*, 208 AD2d 1067, 1069-1070 [1994]; *People v Yaniak*, 190 Misc 2d 84, 85-86 [Yates County Court 2001]).

The assault and battery causes of action are premised on the individual Port Authority police officers' contact with the plaintiff during the allegedly unlawful arrest. Since "an assault and battery cause of action may be based on contact during an unlawful arrest, the questions of fact regarding whether the plaintiff's arrest was supported by probable cause also preclude summary judgment on the cause[s] of action for assault and battery" asserted against the Port Authority and the individual Port Authority police officers (*Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 718-719 [2003] [citations omitted]).

Since the Port Authority and the individual Port Authority police officers failed to establish their prima facie entitlement to judgment as a matter of law dismissing the false arrest and assault and battery causes of action against them, the Supreme Court should have denied those branches of their motion which were for summary judgment dismissing those causes of action insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). For the same reason, the Supreme Court should have denied those branches of those defendants' motion which were for summary judgment dismissing the remainder of the complaint insofar as asserted against the individual Port Authority police officers.

The Supreme Court properly awarded summary judgment dismissing the supplemental complaint insofar as asserted against Paul and JPS. However, we disagree with the court's conclusion that the plaintiff failed to raise a triable issue of fact as to Paul's medical malpractice, which is relevant to certain causes of action asserted against JHMC. The causes of action asserted against Paul and JPS were barred by either the 2½-year statute of limitations applicable to medical malpractice causes of action (*see* CPLR 214-a) or the one-year statute of limitations applicable to false arrest, false imprisonment, and assault and battery causes of action (*see* CPLR 215 [3]). There is no merit to the plaintiff's contention that the relation-back doctrine applies, and that those causes of action are therefore timely because the action was timely commenced against the Port Authority and JHMC (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Alvarado v Beth Israel Med. Ctr.*, 60 AD3d 981, 982-983 [2009]; *Cardamone v Ricotta*, 47 AD3d 659, 660-661 [2008]). Even though the three-year limitations period applicable to the causes of action asserted pursuant to 42 USC § 1983 (*see* CPLR 214 [5]; *Wilson v Garcia*, 471 US 261, 279 [1985]; *423 S. Salina St. v City of Syracuse*, 68 NY2d 474, 480

[1986]) had yet to expire when the plaintiff interposed them against Paul and JPS, the plaintiff failed to state a cause of action against those defendants pursuant to 42 USC § 1983, since they are not state actors, and neither of them acted under color of state law. Accordingly, the Supreme Court properly granted the separate motions of Paul and JPS for summary judgment dismissing the supplemental complaint insofar as asserted against each of them (*see Smolian v Port Auth. of N.Y. & N.J.*, 98 AD3d 1103, 1104 [2012]).

JHMC established, prima facie, that its staff did not commit any independent acts of negligence, and that no medical directive issued by Paul was so contraindicated that JHMC's staff should not have followed it. The plaintiff failed to raise a triable issue of fact in opposition to that showing (*see Corletta v Fischer*, 101 AD3d 929, 930 [2012]; *Ballek v Aldana-Bernier*, 100 AD3d 811, 814 [2012]; *Schultz v Shreedhar*, 66 AD3d 666, 666-667 [2009]). Accordingly, the Supreme Court properly granted that branch of JHMC's motion which was for summary judgment dismissing the cause of action alleging common-law negligence.

However, the Supreme Court improperly directed the dismissal of those causes of action against JHMC that were premised on Paul's alleged malpractice. JHMC does not dispute that those causes of action were timely interposed (*see Parrilla v Buccellato*, 102 AD3d 664, 664 [2013]; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 55 AD3d 821, 823-824 [2008]). Moreover, while a hospital would not ordinarily be vicariously liable for the malpractice of a physician who is not an employee, "an exception to the general rule exists where a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing" (*Salvatore v Winthrop Univ. Med. Ctr.*, 36 AD3d 887, 888 [2007]; *see Schiavone v Victory Mem. Hosp.*, 292 AD2d 365, 366 [2002]; *Mduba v Benedictine Hosp.*, 52 AD2d 450, 452 [1976]). In addition, while JHMC made a prima facie showing of its entitlement to judgment as a matter of law by submitting an expert affirmation demonstrating that Paul did not deviate or depart from accepted standards of practice, the plaintiff, contrary to the Supreme Court's determination, raised a triable issue of fact in opposition to that showing through the submission of an expert affirmation. We reject JHMC's contention that the affirmation of the plaintiff's expert was conclusory. Since triable issues of fact exist as to whether Paul committed malpractice, and as to whether JHMC may be held vicariously liable therefor, the Supreme Court should have denied those

branches of JHMC's motion which were for summary judgment dismissing the medical malpractice causes of action insofar as asserted against it (*see Ballek v Aldana-Bernier*, 100 AD3d at 813-814; *O'Sullivan v Presbyterian Hosp. in City of N.Y. at Columbia Presbyt. Med. Ctr.*, 217 AD2d 98, 102-103 [1995]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.