■ IDA JONES et al., Respondents, v. PUBLIC TAXI OF SCHENECTADY, INC., et al., Defendants, and JOSEPH VIVA, Appellant.— GREENBLOTT, J. Appeal from an order of the Supreme Court at Trial Term, entered November 28, 1969 in Schenectady County, which granted plaintiffs' motion, made during the course of trial, to amend their bill of particulars. This action is brought to recover for injuries sustained by respondent Ida Jones when the taxi cab in which she was riding collided with an automobile. The bill of particulars asserted that she suffered, *inter alia*, from hypertension which required hospitalization. At the trial, respondent's attending physician testified that Mrs. Jones suffered from " hypertensive cardiovascular disease ", and opined that the accident was a competent producing cause of her injuries, and moreover, that her hypertension which existed prior to the accident was aggravated thereby to the extent that it constituted a permanent condition. Respondents' counsel then moved for leave to amend his bill of particulars to include a statement that the hypertensive condition was permanent. The trial court stated that he intended to grant the motion, but informed the attorneys for the defense that he was willing to entertain a motion for a mistrial. When appellant so moved, the court granted the motion to amend the bill of particulars, put the case over the term, and gave appellant an additional medical examination of Ida Jones. Upon the facts of this case, it is concluded that the order appealed from should be affirmed. We see no prejudice or surprise since appellant was not required to continue with the trial, and the order was conditionally granted upon respondent's submission to further physical examination. This is not an instance where an entirely new theory of recovery is sought to be incorporated in the bill of particulars (cf. *Solomon* v. *Somerman,* 18 A D 2d 696, mot. for lv. to app. den. 13 N Y 2d 598). Appellant had been notified by the original bill of particulars that respondent Ida Jones was suffering from hypertension. Furthermore,

appellant did not deny respondents' contention that a hospital record in his possession fully apprised him that this condition pre-existed the accident. In these circumstances, we find no abuse of discretion. Order affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Greenblott, J.