OPINION OF THE COURT
Thomas J. Lowery, J.
On May 4, 1987, the respondent Legislature voted to terminate the services of the petitioner as its legal counsel. The reason assigned for its action was that it had lost trust and confidence in the petitioner as a result of a Federal suit that he had instituted against the respondents and individual members of the County Legislature and reports that he had secretly taped conversations of county legislators in their offices at the county courthouse.
The petitioner challenges the respondent Legislature’s right to discharge him and has instituted this CPLR article 78 *976 proceeding[1] in which he seeks a judgment against the respondent: (a) annulling as unlawful, arbitrary and capricious his dismissal as legal counsel to the respondent Legislature; (b) a declaration that the respondent Legislature has denied the petitioner his liberty under the Due Process Clause of the Fourteenth Amendment of the US Constitution by terminating him as legal counsel; (c) reinstating petitioner forthwith to his former position as legal counsel, with back pay; and (d) awarding the petitioner costs and disbursements in this proceeding.
The petitioner held a part-time, noncompetitive, unclassified civil service position as legal counsel to the respondent Legislature since 1980. As such, he has no statutory right to this position. (See, Civil Service Law §75 [1].) He served at the pleasure of the respondent Legislature and his employment could be freely terminated at any time for any reason or for no reason at all. (Parker v Borock, 5, NY2d 156.) He was an at-will employee and the respondent Legislature had an unqualified right to terminate him without a hearing, absent a constitutional impermissible purpose, a statutory proscription or an express limitation in his employment contract (Murphy v American Home Prods. Corp., 58 NY2d 293), none of which has been established here.[2] In sum, the petitioner’s discharge was lawful and, hence, the decision of the respondent Legislature to discharge the petitioner is not subject to review.
The petitioner does not seriously quarrel with the respondent Legislature’s right to discharge him. His gripe is with published statements made during the removal process that charged him with unethical conduct and a conflict of interest. He claims that the statements sullied his good name and reputation and resulted in a stigma that would tend to foreclose future employment opportunities. He contends that he had a liberty interest in his good name and reputation and *977 due process required that he be afforded a pretermination trial-type hearing to clear his name, which he alleges the respondent Legislature denied him.[3]
The petitioner’s claim that he had a constitutionally protected liberty interest requires some analysis. In this regard, it is sometimes difficult to determine whether what a person calls a liberty interest falls within the constitutional concept of liberty. (See, Board of Regents v Roth, 408 US 564.) Nonetheless, while liberty has not been defined with exactness, the court indicated in Roth that where a public employee is terminated two liberty interests might be involved: first, is the individual’s interest in his or her good name, reputation, honor,-or integrity, and the second, is the individual’s interest in avoiding a stigma or other disability that forecloses other employment opportunities. Whether such liberty interests are sufficient to invoke the procedural protection of the Due Process Clause is, however, another question. It has been held that reputation alone, apart from some more tangible interest such as employment, is insufficient to invoke such protection. (Paul v Davis, 424 US 693.) Therefore, to succeed, the petitioner must show that defamatory statements were made in the course of his removal as legal counsel. (See, Baden v Koch, 799 F2d 825.) He has met this burden.
What remedies are available to the petitioner? Where, as here, there is a claim that the petitioner has been stigmatized and his reputation is at stake by what the government did to him, due process only requires that he be accorded a posttermination opportunity to refute the charges. (See, Baden v Koch, 799 F2d 825, supra.) Since his termination was lawful and his removal did not, in and of itself, give rise to a liberty interest claim, he is not entitled to a pretermination opportunity. Moreover, he is not entitled to be reinstated to his former position with back pay. (See, Board of Regents v Roth, 408 US 564, supra; Codd v Velger, 429 US 624.)
The rub here is that there is no evidence that petitioner ever demanded a postremoval opportunity to refute the charges. Consequently, there is no showing that the respondent Legislature refused to grant him such a request. This is fatal, since the court deems this proceeding to be in the nature of mandamus to compel.
*978 In any event, the petitioner has received all of the due process that he is entitled to under the circumstances. Despite the fact that the respondent Legislature was under no obligation to afford the petitioner a pretermination opportunity, it did so anyway. As noted, the remedy mandated by the Due Process Clause for the deprivation of liberty of the type claimed by the petitioner is an opportunity to refute the charge against him in order to clear his name. The risk to be avoided is a risk that false charges would go unrefuted and that a falsely accused employee’s name would go uncleared. The petitioner was given the opportunity to avoid the risk. To afford the petitioner a second opportunity would accomplish nothing, since it would be a rehash of what has already been said before.
Accordingly, the petition is dismissed.

. The respondents moved to dismiss the proceeding pursuant to CPLR 3211 (a). The motion was converted upon notice to a motion for summary judgment (CPLR 3211 [c]). The respondents later filed an answer to the petition and issue was joined. In retrospect, the court considers the motion for summary judgment unnecessary. (See, Gold v Department of Motor Vehicles, 95 Misc 2d 252; Matter of Javarone, 76 Misc 2d 20, affd 49 AD2d 788.)

. Petitioner contends that he was exercising his First Amendment rights (free speech) and such activity was the basis for his discharge. Thus, he contends that he was discharged for a constitutionally impermissible purpose. Other than conclusory statements, there is no evidence that establishes this claim.

. The petitioner, at the request of the respondent Legislature, appeared before the Legislature prior to discharge and was given an opportunity to justify his actions.