In the Matter of Douglas W. VanDine, Appellant, v Greece Central School District et al., Respondents. [905 NYS2d 428]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (William P. Polito, J.), entered March 16, 2009 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the petition is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, a judgment directing respondents to hold a name-clearing hearing with respect to allegations associated with the termination of petitioner from his probationary position with respondent school district (*see generally Board of Regents of State Colleges v Roth*, 408 US 564, 573 [1972]). We agree with petitioner that Supreme Court erred in dismissing the petition.

Where, as here, "a government employee is dismissed for stigmatizing reasons that seriously imperil the opportunity to acquire future employment, the employee is entitled to 'an opportunity to refute the charge [or charges]' " (*Donato v Plainview-Old Bethpage Cent. School Dist.*, 96 F3d 623, 633 [1996], *cert denied* 519 US 1150 [1997], quoting *Board of Regents of State Colleges*, 408 US at 573). The discharged employee's entitlement to such a name-clearing hearing requires a showing that there "has been a public disclosure by the employer of stigmatizing reasons for the discharge" (*Ranus v Blum*, 132 AD2d 983, 984 [1987], *appeal dismissed* 70 NY2d 926 [1987], *lv denied* 71 NY2d 802 [1988] [internal quotation marks omitted]). We cannot conclude in this case that the submission of a complaint to the New York State Department of Education (SED) based upon the allegations underlying petitioner's termination does not constitute such a public disclosure. It may be that, under certain circumstances, a confidential communication with an authorized governmental agency does not constitute public disclosure, such that an employee's right to a name-clearing hearing is not invoked (*see Gentile v Wallen*, 562 F2d 193, 197-198 [1977]). Here, however, the applicable regulations do not address the issue of the confidentiality of a complaint submitted to SED and the subsequent investigation thereof by SED (*see* 8 NYCRR part 83). Because a hearing officer or panel from SED may determine that, based on allegations in the complaint, there exists a substantial question concerning petitioner's moral character that ultimately could result in the revocation of petitioner's teaching certificate (*see* 8 NYCRR 83.6) and because, as noted, the applicable regulations do not address the issue of confidentiality, we conclude herein that there is a sufficient potential for public disclosure to establish petitioner's entitlement to a name-clearing hearing (*see Matter of Browne v City of New York*, 45 AD3d 590 [2007]; *cf. Matter of Lentlie v Egan*, 61 NY2d 874, 876 [1984]).

Contrary to the contention of respondents, petitioner in fact "challenge[d] the substantial truth of the [allegations] in question" (*Codd v Velger*, 429 US 624, 627-628 [1977]). Indeed, petitioner need only "contest the truth of the allegedly stigmatizing statements because, as the Supreme Court has explained, the purpose of a name clearing hearing is to give the allegedly stigmatized employee an opportunity to refute the . . . stigmatizing charges. If the truth of the statements is not contested, there is nothing to have a hearing about" (*O'Neill v City of Auburn*, 23 F3d 685, 693 [1994], citing *Codd*, 429 US at 627 [emphasis omitted]). In order to comport with the require-

ments of due process, a discharged employee must be afforded an opportunity at any such hearing to refute the allegations and to clear his or her name (*see Codd*, 429 US at 627; *Board of Regents of State Colleges*, 408 US at 573 n 12; *see generally Goldberg v Kelly*, 397 US 254, 267-268 [1970]). "The risk to be avoided is a risk that false charges would go unrefuted and that a falsely accused employee's name would go uncleared" (*Matter of Parr v Onondaga County Legislature*, 139 Misc 2d 975, 978 [1988], *affd for reasons stated in op of Lowery, J.*, 156 AD2d 985 [1989]; *see Baden v Koch*, 799 F2d 825, 832 [1986]). We note that, pursuant to the applicable regulations, petitioner is afforded a hearing on the complaint submitted to SED only if a determination is made that the allegations raise a substantial question concerning his moral character (*see* 8 NYCRR 83.3, 83.4). Because petitioner thus is not guaranteed a hearing on the complaint, he may be foreclosed from any opportunity to refute the allegations absent a name-clearing hearing with respondents (*cf. Parr*, 139 Misc 2d at 978). We therefore conclude that petitioner has established that the court erred in dismissing his petition seeking, inter alia, a name-clearing hearing. Furthermore, in the absence of any evidence or, indeed, any allegation by respondents that special circumstances would render an award of attorney's fees unjust, we further agree with petitioner that the court should have granted that part of the petition seeking reasonable attorney's fees pursuant to 42 USC § 1988 (b) (*see generally Matter of Johnson v Blum*, 58 NY2d 454, 457-458 [1983]). We therefore reverse the judgment, grant the petition, and remit the matter to Supreme Court to determine the amount of reasonable attorney's fees pursuant to 42 USC § 1988 (b) and to direct respondents to grant petitioner the remainder of the relief sought in the petition. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.