*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    June 11, 2015                        518491
                                                             519666
_____

LYNDSEY WILCOX,

                          Respondent,

          v                                MEMORANDUM AND ORDER

NEWARK VALLEY CENTRAL SCHOOL
    DISTRICT et al.,

                          Appellants,
                          et al.,
                          Defendants.
_____

Calendar Date:    May 1, 2015

Before:    McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                          _____


          Law Firm of Frank Miller, East Syracuse (Alan J. Pierce of
Hancock Estabrook, LLP, Syracuse, of counsel), for appellants.

          Law Office of Ronald R. Benjamin, Binghamton (Ronald R.
Benjamin of counsel), for respondent.

                          _____


McCarthy, J.P.

          Appeals (1) from an order of the Supreme Court (Tait, J.),
entered December 6, 2013 in Tioga County, which, among other
things, modified the proposed judgment, (2) from a judgment of
said court, entered December 19, 2013 in Tioga County, upon a
verdict rendered in favor of plaintiff, (3) from an order of said
court, entered August 6, 2014 in Tioga County, which partially
granted a motion by defendants Newark Valley Central School
District, Mary Ellen Grant and Diane Arbes to set aside the
verdict, and (4) from the amended judgment entered thereon.

Plaintiff was employed by defendant Newark Valley Central School District (hereinafter NVCSD) as a probationary physical education teacher and as the coach of the girls' varsity field hockey team. At that time, plaintiff lived with her boyfriend, Todd Broxmeyer — a locally known field hockey authority who, among other things, served as a volunteer coach to the NVCSD field hockey teams. In February 2008, approximately two months after Broxmeyer was arrested and charged with raping a female field hockey player from a different school district, plaintiff's employment was terminated.

Plaintiff then commenced an action against NVCSD, Diane Arbes — NVCSD's high school principal — and Mary Ellen Grant — NVCSD's superintendent, as well as the members of the Board of Education of NVCSD, alleging that defendants maliciously published defamatory statements about her and that her due process rights were violated by defendants' failure to provide her with a name-clearing hearing. Thereafter, certain of plaintiff's causes of action were dismissed upon defendants' motion to dismiss (74 AD3d 1558 [2010]), defendants were granted partial summary judgment dismissing additional causes of action and this Court converted the federal due process cause of action into a CPLR article 78 proceeding (107 AD3d 1127 [2013]). Plaintiff sought the annulment of the Board's determination denying her a name-clearing hearing — and an order granting her such a hearing — and proceeded to trial on causes of action premised on two alleged defamatory statements: (1) that Arbes had stated, during a meeting attended by female varsity and junior varsity field hockey players, the junior varsity coach and school counselors, that plaintiff was no longer employed by NVCSD and had acquiesced in or did not protest or challenge her termination and (2) that Grant had stated to one of the parents of a field hockey player that plaintiff had acquiesced in or did not protest or challenge her termination.

Supreme Court granted plaintiff's application to annul the Board's determination denying her a name-clearing hearing and ordered such hearing to be provided. After a first trial ended in a mistrial, a second trial concluded with the jury rendering a verdict in favor of plaintiff, awarding her $351,990 in lost

wages from the date of her termination to the date of the verdict, $2.1 million in future lost wages and $1 million in damages for past mental anguish, emotional distress, personal humiliation and/or damage to her reputation. NVCSD, Arbes and Grant (hereinafter collectively referred to as defendants) appeal from Supreme Court's order modifying the proposed judgment and the judgment entered upon the verdict.

Thereafter, defendants moved, pursuant to CPLR 4404 (a), to set aside the verdict. Supreme Court granted the motion to the extent of ordering a new trial on the issue of lost wages unless plaintiff stipulated to a reduction of the verdict to $294,971 for past lost wages and $1,560,000 for future lost wages and otherwise denied the motion. Plaintiff stipulated to the reduced award, and an amended judgment was entered accordingly. Defendants appeal from the order resolving their posttrial motion and the amended judgment.[1]

First addressing the due process claim (the converted CPLR article 78 proceeding), Supreme Court erred in annulling the Board's determination and granting plaintiff a name-clearing hearing. Where "a government employee is dismissed for stigmatizing reasons that seriously imperil the opportunity to acquire future employment, the employee is entitled to an opportunity to refute the charge [or charges]" at a name-clearing hearing if the employer publicly disclosed the stigmatizing reasons or if there is a likelihood of future dissemination of such reasons (Matter of VanDine v Greece Cent. School Dist., 75

---

[1] We dismiss defendants' appeals from both Supreme Court's order modifying the proposed judgment and its order partially granting defendants' motion to set aside the verdict because the right to appeal from those interlocutory orders terminated upon entry of the final judgments (see Doherty v Schuyler Hills, Inc., 55 AD3d 1174, 1175 [2008]; Dubray v Pratt, 283 AD2d 869, 869 [2001]). Nonetheless, defendants' appeals from the final judgments bring the substance of those orders up for our review (see CPLR 5501 [a] [1]).

AD3d 1166, 1167 [2010] [internal quotation marks and citations omitted]; see 107 AD3d at 1131).  Judicial review of an administrative determination such as this one is limited to whether the determination lacks a rational basis, "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; see Matter of Barkan v Roslyn Union Free School Dist., 67 AD3d 61, 65 [2009]; Matter of Weill v New York City Dept. of Educ., 61 AD3d 407, 408 [2009]).

Here, plaintiff requested a name-clearing hearing by February 2008 letter.  In that letter, plaintiff requested a name-clearing hearing to specifically defend against and address the assertions made by Grant in the statement of reasons for recommending termination letter (see generally Education Law § 3031) and those made by Arbes in a January 2008 letter directing her to "refrain from any one-on-one conversations with students."[2]  Notably, plaintiff's allegations as to the stigmatizing content of such letters do not include any further allegations that defendants and the Board had publicly disclosed those letters or their contents.  Nonetheless, plaintiff's assertion that she was seeking relief in the form of removal of the statement of reasons letter from her personnel file was sufficient to apprise the Board of an allegation that there was a likelihood that such letter or its content would be disseminated.  As to that allegation, multiple Board members averred that, before deciding to deny plaintiff's request for a name-clearing hearing, the Board determined that the statement of reasons letter had been and would remain confidential.  Therefore, given that plaintiff did not allege that defendants and the Board had publicly disseminated any stigmatizing materials and considering the evidence supporting the conclusion that plaintiff's allegation that the statement of reasons letter was in plaintiff's personnel file was factually incorrect, there is no basis to disturb the Board's denial of a name-clearing hearing.

_____

[2]  This Court previously held that the statements contained in these letters were not actionable libel (107 AD3d at 1131; 74 AD3d at 1561).

Turning to plaintiff's action, Supreme Court did not abuse its discretion in permitting her to amend her bill of particulars. A trial court's determination regarding a motion to amend will not be disturbed on appeal absent an abuse of discretion (see CPLR 3043 [c]; Harris v Jim's Proclean Serv., Inc., 34 AD3d 1009, 1010 [2006]). Generally, leave to amend a bill of particulars should be freely given, but denial of such a motion is justified when the motion is late and there is both a lack of a satisfactory excuse and prejudice to the opposing party (see Harris v Jim's Proclean Serv., Inc., 34 AD3d at 1010; Sadler v Town of Hurley, 304 AD2d 930, 931 [2003]). In her original bill of particulars, plaintiff alleged that she suffered special damages in the nature of lost wages. Plaintiff sought to amend that bill of particular to increase the amount of alleged past lost wages and to allege future lost wages. Although plaintiff did not move to amend her bill of particulars until after a mistrial was declared in the first trial, she did so with enough time before the second trial so that defendants were able to conduct further discovery and an additional deposition of her. Further, given that"[t]his [wa]s not an instance where an entirely new theory of recovery [wa]s sought to be incorporated in the bill of particulars," defendants' exposure to greater liability, on its own, did not show prejudice (Jones v Public Taxi of Schenectady, 34 AD2d 876, 876 [1970]; see Muff v Lallave Transp., 3 AD3d 693, 695 [2004]). Accordingly, Supreme Court did not abuse its discretion in granting plaintiff leave to amend her bill of particulars (see Muff v Lallave Transp., 3 AD3d at 695; Jones v Public Taxi of Schenectady, 34 AD2d at 876). In addition, because defendants did not move before Supreme Court to preclude plaintiff's expert witness from testifying at the second trial, defendants' argument that it was error to allow such testimony due to plaintiff's belated disclosure is not preserved for our review (see Doviak v Lowe's Home Ctrs., Inc., 63 AD3d 1348, 1352 [2009]; Alaimo v General Motors Corp., 32 AD3d 627, 629 [2006]).

Supreme Court committed reversible error in permitting testimony regarding rumors circulating in the community and plaintiff being snubbed. In its motion in limine, defendants sought to preclude plaintiff from introducing evidence of the

republication of the alleged slanderous statements and evidence of "snubs" experienced by plaintiff at the hands of third parties to whom defendants were not alleged to have made the slanderous statements. Supreme Court reserved ruling on the issues and then overruled defendants' objections made on the aforementioned grounds that were made during the trial.

Proof of "ostracism and rejection" to establish damages for defamation is only admissible if the proof is "'the direct and well-connected result'" of a defamatory statement at issue (Macy v New York World-Tel. Corp., 2 NY2d 416, 422 [1957], quoting Bishop v New York Times Co., 233 NY 446, 454 [1922]). Further, even when a defendant's slanderous statement is connected by proof to that statement's republication, "'one who utters a slander . . . is not responsible for its voluntary and unjustifiable repetition, without his [or her] authority or request, by others over whom he [or she] has no control and who thereby make themselves liable to the person injured'" (Geraci v Probst, 15 NY3d 336, 342 [2010], quoting Schoepflin v Coffey, 162 NY 12, 17 [1900]). This is because "each person who repeats the defamatory statement is responsible for the resulting damages" (Geraci v Probst, 15 NY3d at 342).

Plaintiff's proof regarding rumors and ostracism fail these tests. Plaintiff and her witnesses offered no proof that directly connected Grant's or Arbes' slanderous statements to the ostracism that plaintiff allegedly suffered (see Macy v New York World-Tel. Corp., 2 NY2d at 422-423).[3] Further, even assuming that the content of the rumors allegedly spread by community members allowed for a reasonable inference that said community members were aware of Grant's or Arbes' slanderous statements,

_____

[3] Neither law nor logic supports plaintiff's apparent contention that the slanderous statements were the only possible cause of the ostracization. For example, plaintiff's proof failed to exclude the reasonable possibility that persons who ostracized plaintiff had done so based on their own independent conclusions — not affected by the slanderous statements — that she was blameworthy in relationship to Broxmeyer's conduct.

proof of republication was nonetheless improper given the absence of evidence that defendants had any knowledge of or played any role in such republication (see Geraci v Probst, 15 NY3d at 344; Rinaldi v Viking Penguin, 52 NY2d 422, 435 [1981]).  Compounding the effect of the error, Supreme Court did not instruct the jury that plaintiff had the burden of proving that the ostracism harms that plaintiff allegedly suffered were actually connected to Grant's and/or Arbes' statements, despite defendants' request that it do so.  Accordingly, because Supreme Court's error permitted the jury to award damages for alleged harms to plaintiff for which defendants were not legally responsible (see Geraci v Probst, 15 NY3d at 342), the error was not harmless.

Given that defendants do not challenge the jury's determinations that Grant and Arbes made the respective statements and that they were defamatory, we remit for a new trial for the determination of damages based upon proof of harms limited to those that can be linked by proximate cause to the two slanderous statements.  These determinations render defendants' remaining contentions academic.

Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the appeals from the orders entered December 6, 2013 order and August 6, 2014 are dismissed, without costs.

ORDERED that the judgment and amended judgment are reversed, on the law, without costs, the determination of the Board of Education of Newark Valley Central School District denying plaintiff a name-clearing hearing is affirmed, and matter remitted to the Supreme Court for a new trial as to the action on damages only.

ENTER:

Robert D. Mayberger
Clerk of the Court