■ Tracy Bagan, Respondent, v Onkar S. Tomer, Appellant, and Mostafa A. Elsrogy et al., Respondents. [30 NYS3d 816]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered September 5, 2014, which, insofar as appealed from, denied, without prejudice, defendant Onkar S. Tomer's motion for summary judgment dismissing the complaint on the grounds that plaintiff did not sustain a serious injury under Insurance Law § 5102 (d), and granted plaintiff's cross motion for leave to amend the bill of particulars to add an allegation of a nasal fracture, unanimously affirmed, without costs.

The motion court providently exercised its discretion in granting plaintiff's cross motion for leave to amend the bill of particulars. Although plaintiff failed to offer a reasonable excuse for her delay in seeking leave to amend, she demonstrated that the proposed amendment has potential merit by pointing to the medical records submitted by defendant Tomer, which show that two doctors who examined plaintiff after the accident noted the existence of a nasal fracture. Tomer cannot claim surprise or prejudice given such proof, and given that his own expert raised the issue of the fracture (*see Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [1st Dept 2007]). To the extent Tomer asserts that he has not been given an opportunity to prepare a defense against the amendment, the motion court struck the note of issue to afford him an opportunity to conduct further discovery and to make a new motion for summary judgment on the issue of serious injury (*see Zeeck v Melina Taxi Co.*, 177 AD2d 692, 694 [2d Dept 1991]). Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.