Paul Heaney and Margaret Heaney, 
 Plaintiffs-Respondents,
against
Hospital for Special Surgery, Defendant-Appellant.



Defendant, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (W. Franc Perry, J.), dated March 15, 2016, which denied its cross motion to strike plaintiffs' bill of particulars and to dismiss the complaint.




Per Curiam.
Order (W. Franc Perry, J.), dated March 15, 2016, insofar as appealed, affirmed, with $10 costs. 
The motion court providently exercised its discretion in allowing plaintiffs to serve an amended bill of particulars in this medical malpractice action. Leave to amend pleadings is freely given, absent prejudice or surprise resulting directly from the delay (see Tri-Tec Design, Inc. v Zatek Corp., 123 AD3d 420 [2014]). Defendant hospital cannot claim surprise or prejudice, since the amendment is based upon defendant's own records showing that it was defendant that diagnosed plaintiff Paul Heaney with the diabetes that allegedly predisposed him to the neurological injury, and defendant's prior counsel first raised the issue of a connection between diabetes and neuropathy in a 2003 letter to plaintiffs' then-attorney (see Bagan v Tomer, 139 AD3d 577 [2016]; Cherebin v Empress Ambulance Serv., Inc., 43 AD3d 364 [2007]). Nor is prejudice established by the passage of time, since the case is likely to turn mainly on medical records rather than the memories of witnesses (see Appleby v Suggs, 135 AD3d 623 [2016]). In addition, the action is still in the discovery stage and defendant may conduct further discovery on this new theory of liability.
We also agree with Civil Court that the record reveals triable issues concerning whether the physical therapy treatment plaintiff Paul Heaney received deviated from accepted standards of care, and whether such departure was a proximate cause of his injuries (see Bickom v Bierwagen, 48 AD3d 1247 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 27, 2017