Cusson v The Hillier Group, Inc. (2019 NY Slip Op 03434)





Cusson v The Hillier Group, Inc.


2019 NY Slip Op 03434


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

527450

[*1]KENNETH W. CUSSON, Respondent,
v
THE HILLIER GROUP, INC., Defendant and Third-Party Plaintiff- Appellant; CHARLES F. EVANS COMPANY, INC., Third-Party Defendant- Respondent.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Donovan Hatem, LLP, New York City (Scott Winikow of counsel), for defendant and third-party plaintiff-appellant.
Cellino & Barnes, PC, Rochester (Richard P. Amico of counsel), for respondent.
Cartafalsa, Turpin & Lenoff, New York City (Brian Minehan of counsel), for third-party defendant-respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Lebous, J.), entered January 16, 2018 in Cortland County, which, among other things, granted third-party defendant's motion for summary judgment dismissing the third-party complaint.
This personal injury action comes before us for a third time (130 AD3d 1397 [2015]; 97 AD3d 1042 [2012]). In March 2005, plaintiff, an employee at Cornell University, was injured after being struck by ice and/or snow falling from the roof of Mews Hall on the Cornell University campus in the City of Ithaca, Tompkins County. Plaintiff was shoveling snow along a pathway adjacent to the building at the time of the incident. He commenced this action against defendant, the architect on the project, alleging that it committed professional malpractice in the design, planning and construction of Mews Hall in 2000, and that said malpractice caused ice and snow to fall from the roof of the building, injuring him [FN1]. In January 2012, defendant commenced [*2]a third-party action against third-party defendant, Charles F. Evans Company, Inc. (hereinafter Evans), the roofing subcontractor, seeking contribution and common-law indemnification. Defendant claimed that Evans failed to properly install the roof in accord with the plans and specifications. Supreme Court (Rumsey, J.) thereafter, among other things, granted Evans' motion for summary judgment dismissing the third-party complaint, but, on appeal, this Court reversed that aspect of the order, finding that a question of fact existed as to whether Evans installed the model number 10 snow guard specified in defendant's plans or a different model number 30 (130 AD3d at 1399). In September 2016, after further discovery, defendant moved for summary judgment dismissing the complaint, and Evans again moved for summary judgment dismissing the third-party complaint. Some six months later, plaintiff moved for summary judgment against defendant and to amend his bill of particulars. In January 2018, Supreme Court (Lebous, J.) denied plaintiff's and defendant's motions for summary judgment, and granted Evans' motion dismissing the third-party complaint and plaintiff's motion to amend his bill of particulars. Defendant appeals.
With respect to the third-party complaint, we first emphasize that, by finding an issue of fact in our prior decision as to which snow guard had been installed (130 AD3d at 1399), we did not limit the issue going forward to that question, but restored the case to its status before Evans' summary judgment motion had been granted (see Matter of Angela F. v St. Lawrence County Dept. of Social Servs., 146 AD3d 1243, 1245-1246 [2017]). That is particularly so where, as here, further discovery ensued, which is relevant to and should have been considered on the motion now under review. The submissions now confirm that Evans actually installed the model number 30 snow guard. The questions presented are whether Evans was authorized to do so and whether Evans otherwise installed the roof in accord with the plans and specifications prepared by defendant. It bears repeating that "'[a] builder or contractor is justified in relying upon the plans and specifications which he [or she] has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury'" (130 AD3d at 1398, quoting Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46 [1924]).
Evans' submissions on its motion show that, during the project submittal phase, defendant added snow guards along the eave of the building and a corresponding change order was added to Evans' contract. Defendant's specifications called for the model number 10 snow guard, but Evans advised that this model could not be fastened to a metal roof and recommended the model number 30 snow guard instead. In his supporting affidavit, William Fischer, the president of Evans' parent company, attested that the change was approved and that the model number 30 was installed, as confirmed by supporting documentation in the record. Both Fischer and Evans' expert witness, Thomas Hamilton, a licensed architect, explained that the roof design did not include the placement of snow guards on the roof dormers or the dormer valleys. Further, Fischer and Gary Stout, Evans' former president, both attested that the project was completed, full payment was received from the general contractor and no complaints were made as to the installation of the snow guards. Hamilton added that his inspection of the roof above where plaintiff was injured confirmed that there were no defects and that "the roof and snow guard system were properly built and installed" in accord with defendant's plans and specifications. By this showing, Evans met its prima facie burden for summary judgment dismissing the third-party complaint.
In opposition, defendant offered the affidavit of Thomas Zimmerman, a licensed architect. Although taking no issue with the use of the model number 30 snow guard, Zimmerman maintained that Evans failed to properly construct the roof as required by defendant's design plans and specifications. In his April 19, 2017 affidavit, Zimmerman averred that he "did in fact measure the exact dimensions of the roof" and, as explained in his March 10, 2017 affidavit, determined that Evans only installed 67% of the snow guards specified by defendant. Zimmerman opined that, as a result, the roof installed by Evans provided "considerably less protection" than would have been provided had Evans complied with the plans. Given this competing expert opinion, a question of fact has been raised as to whether Evans installed the required number of snow guards and, if not, whether the protection afforded [*3]by the snow guards as required by the design had been compromised. As such, Supreme Court should not have granted Evans' motion for summary judgment.
We next reject defendant's contention that Supreme Court abused its discretion in granting plaintiff's March 2017 motion to amend his bill of particulars. Contrary to defendant's contention, we do not read the amendment as raising a new theory of liability. In his original 2007 bill of particulars, plaintiff alleged that defendant was negligent in failing to properly design Mews Hall in that the roof was constructed without "proper ice barriers or ice fall protection on a pitched metal roof" and "on the metal dormer." In an August 2016 mediation summary, plaintiff specified that the roof did not have snow railings, heat tape, gutters that were designed for the eaves or snow protection on the dormers. In his submission, plaintiff emphasized that the mediation summary was not being offered for evidentiary purposes, but only to illustrate that defendant was on notice of the specific contentions included in the amended bill of particulars (see CPLR 4547). In our view, plaintiff's proposed amendments, adding these more specific contentions, served to supplement his original allegations that the roof was designed and constructed without adequate snow and ice protection, creating a hazard for pedestrians on the walkway below. Although the timing was late, and a note of issue had been filed in June 2016, we find that Supreme Court did not abuse its discretion in granting the motion to amend (see Palmatier v Mr. Heater Corp., 156 AD3d 1167, 1169 [2017]; Bagan v Tomer, 139 AD3d 577, 577 [2016]; Wilcox v Newark Val. Cent. Sch. Dist., 129 AD3d 1230, 1232-1233 [2015], lv dismissed 26 NY3d 1060 [2015]). Correspondingly, we conclude that defendant's motion for summary judgment was properly denied. Simply put, both plaintiff's expert and defendant's expert have rendered competing opinions as to whether defendant complied with the standard of care in the roof design, as necessary to provide adequate protection from falling ice and snow.
Egan Jr., J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted third-party defendant's motion for summary judgment; said motion denied; and, as so modified, affirmed.



Footnotes

Footnote 1: The action was also commenced against Welliver McGuire, Inc., the general contractor on the project. In 2011, Supreme Court (Rumsey, J.) granted Welliver's motion for summary judgment dismissing the complaint against it. Plaintiff did not contest the dismissal of the action against Welliver.