Schrader v Nichols (2021 NY Slip Op 05759)





Schrader v Nichols


2021 NY Slip Op 05759


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

531736
[*1]Elizabeth Schrader et al., Respondents,
v
Shari Nichols, Appellant.

Calendar Date:September 14, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

O'Connor, O'Connor, Bresee & First, PC, Albany (Michele M. Monserrate of counsel), for appellant.
Gattuso & Ciotoli, PLLC, Fayetteville (Frank S. Gattuso of counsel), for respondents.



Garry, P.J.
Appeal from an order of the Supreme Court (Blaise III, J.), entered July 7, 2020 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff Elizabeth Schrader sought treatment from defendant, a podiatrist, for bunions and crossover deformities involving the great and second toes on both feet, which caused her pain and prevented her from wearing most shoes. Defendant presented options of conservative treatment, surgery to reconstruct the forefoot or amputation of the second toes and shaving of the bunions. In part because defendant described the latter option as requiring substantially less recovery time than reconstructive surgery, Schrader opted for amputation and bunion shaving. Defendant performed that surgery, with consent and without complication. Months later, after she began experiencing pain and other problems with her toes, Schrader sought treatment from two other podiatrists, who opined that amputation was not the proper treatment for her initial problems. One of those podiatrists performed further surgeries to resolve Schrader's pain and difficulty walking.
Schrader and her spouse, derivatively, commenced this action alleging podiatric malpractice. Defendant moved for summary judgment dismissing the complaint, arguing that her treatment did not deviate from the applicable standard of care and submitting medical records, deposition testimony, her own affidavit and an expert affidavit by Edwin Wolf, a licensed podiatrist. Plaintiffs opposed and submitted a redacted expert affirmation (see CPLR 3101 [d] [1] [i]), arguing that defendant's offer and performance of the bilateral amputation deviated from the standard of care and caused the alleged injuries. Finding that the parties' submissions raised triable issues of fact, Supreme Court denied defendant's motion. Defendant appeals.
As the proponent of a motion for summary judgment in a podiatric malpractice action, defendant bore the initial burden of establishing that she did not depart from accepted standards of practice in the treatment at issue or, if there was a departure, that any such deviation was not the proximate cause of any injury (see Furman v DeSimone, 180 AD3d 1310, 1311 [2020]; Derusha v Sellig, 92 AD3d 1193, 1193 [2012]). "If a prima facie case is established, the burden then shifts to plaintiffs to come forward with proof demonstrating [defendant's] deviation from accepted medical practice and that such alleged deviation was the proximate cause of [Schrader's] injuries" (Furman v DeSimone, 180 AD3d at 1311 [citations omitted]; see Goldschmidt v Cortland Regional Med. Ctr., Inc., 190 AD3d 1212, 1214 [2021]). Defendant met her burden through submission of Schrader's medical records and affidavits of defendant and Wolf, each of whom opined that defendant adhered to the accepted standard of care for podiatrists and appropriately considered the patient's age, activity level, health status and treatment goals in offering [*2]elective amputation as one of the surgical options (see Longtemps v Oliva, 110 AD3d 1316, 1317-1318 [2013]). The burden then shifted to plaintiffs.
According to plaintiffs' expert, second-toe amputation was not within the standard of care for a patient with a crossover deformity because it would not, and did not, correct the initial problems diagnosed by defendant and it created imbalance in Schrader's forefoot that required later surgery, which would not have been necessary had defendant performed the correct surgery in the first instance. The expert opined that amputations are indicated for conditions such as "infection, osteomyelitis, ulcers, [and] nonhealing wounds," and should not have been considered as an option for a healthy 57-year-old woman who could have endured standard surgical procedures to correct a crossover deformity. As a result of defendant's alleged negligence and departures from the standard of care, the expert opined that Schrader had to undergo other surgical procedures and will permanently suffer pain, scarring and loss of motion and flexibility of both feet. Viewing the evidence in a light most favorable to plaintiffs, as the nonmoving parties, their expert affirmation is sufficient to raise a triable issue of fact as to whether offering and then performing bilateral amputation of Schrader's second toes deviated from the generally accepted standard of podiatric care, and whether any such deviation proximately caused her injuries (see Furman v DeSimone, 180 AD3d at 1313; Yerich v Bassett Healthcare Network, 176 AD3d 1359, 1361 [2019]; O'Connor v Kingston Hosp., 166 AD3d 1401, 1402-1403 [2018]; Longtemps v Oliva, 110 AD3d at 1318; compare Tsitrin v New York Community Hosp., 154 AD3d 994, 996-997 [2017]). As the parties' competing expert affidavits and affirmations present triable issues of fact, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.
Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.