Tardi v Casler-Bladek (2023 NY Slip Op 00012)

Tardi v Casler-Bladek

2023 NY Slip Op 00012

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

534077
[*1]Gissela Tardi, Respondent,
v
Susan Casler-Bladek et al., Defendants, and Timothy Harrigan, Appellant.

Calendar Date:November 16, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Phelan, Phelan & Danek, LLP, Albany (Timothy S. Brennan of counsel), for appellant.
The Jacob D. Fuchsberg Law Firm, LLP, New York City (Nealraj S. Bhushan of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Susan M. Kushner, J.), entered July 13, 2021 in Albany County, which denied defendant Timothy Harrigan's motion for summary judgment dismissing the complaint against him.
In 2018, plaintiff presented to the emergency department of defendant St. Mary's Healthcare on two separate occasions with complaints of leg numbness and back pain. At the second presentation, plaintiff was seen by defendant Timothy Harrigan (hereinafter defendant), a physician's assistant, who diagnosed plaintiff with acute back pain and discharged her. Shortly thereafter, plaintiff was diagnosed with deep vein thrombosis (hereinafter DVT) and underwent multiple surgeries to treat it. Plaintiff then commenced this medical malpractice action against defendant, among others, stemming from his alleged improper treatment with respect to her complaints of pain to her leg and lower back and his failure to diagnose her with DVT. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint insofar as asserted against him. Supreme Court denied the motion, prompting this appeal by defendant.
In support of his motion, defendant tendered, among other things, his deposition testimony in which he stated that he examined plaintiff and, while doing so, was aware that plaintiff had presented to the emergency department two days earlier due to complaints of lower back pain. Defendant's examination of plaintiff's lower back revealed that the lumbar musculature was tender to palpation and that there was no erythema, edema or ecchymosis. Based on the examination and plaintiff's X ray from her earlier presentation to the emergency department, defendant was concerned about the possibility of DVT and ordered a venous duplex ultrasound. According to defendant, the ultrasound was negative, and he felt comfortable discharging plaintiff without a diagnosis of DVT. Defendant prescribed plaintiff a muscle relaxant and pain medication.
Defendant's expert opined that, based upon plaintiff's symptoms and prior medical history and defendant's physical examination of plaintiff, defendant acted within the standard of care by ordering a duplex venous ultrasound. According to the expert, a duplex venous ultrasound is the "diagnostic test of choice in the emergency department" given that it is non-invasive, easy to administer and had a very high accuracy rate of detecting DVT. The expert noted that a radiologist interpreted the ultrasound as revealing no evidence of DVT, and concluded that defendant was entitled to rely on the radiologist's interpretation. The expert also concluded that defendant conducted a proper examination of plaintiff and ordered the necessary tests and that, based upon the examination and test results, defendant did not have to consult with a vascular surgeon as there was no medical indication to do so. The expert further concluded that defendant acted within the standard of care in discharging plaintiff [*2]without a diagnosis of DVT and that any treatment rendered by defendant did not proximately cause plaintiff's alleged injuries. With the foregoing proof, defendant satisfied his moving burden (see Schrader v Nichols, 198 AD3d 1153, 1154-1155 [3d Dept 2021]; Butler v Cayuga Med. Ctr., 158 AD3d 868, 873 [3d Dept 2018]).
In opposition, plaintiff submitted an expert affirmation from a vascular surgeon who concluded that, after the duplex venous ultrasound came back negative, defendant departed from the standard of care by not sending plaintiff for an emergency consultation with a vascular surgeon in order to get an explanation for plaintiff's leg discoloration and pain. Plaintiff also tendered an expert affirmation from an emergency room physician who opined that plaintiff's symptoms, including the increased size of her left leg compared to her right and the discoloration in her leg, were consistent with thrombosis and that the standard of care required that defendant order a CT scan with vascular contrast. The physician stated that defendant failed to appreciate plaintiff's symptoms, which, in the physician's opinion, required additional workup by defendant beyond the duplex venous ultrasound and that defendant's departures from the standard of care caused plaintiff's condition to worsen. Based on the conflicting expert proof, plaintiff raised a triable issue of fact (see Colon v Choi, 192 AD3d 1442, 1443 [3d Dept 2021]; Yerich v Bassett Healthcare Network, 176 AD3d 1359, 1361 [3d Dept 2019]; Tkacheff v Roberts, 147 AD3d 1271, 1274-1275 [3d Dept 2017]). Accordingly, defendant is not entitled to summary judgment.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.