Tardi v Casler-Bladek (2023 NY Slip Op 02566)

Tardi v Casler-Bladek

2023 NY Slip Op 02566

Decided on May 11, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 11, 2023

534675 535619 535620
[*1]Gissela Tardi, Respondent,
v
Susan Casler-Bladek et al., Defendants, and St. Mary's Healthcare, Appellant.

Calendar Date:March 30, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Thorn Gershon Tymann and Bonanni, LLP, Albany (Erin Mead of counsel), for appellant.
The Jacob D. Fuchsberg Law Firm, LLP, New York City (Neal Bhushan of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from that part of an order of the Supreme Court (Susan M. Kushner, J.), entered December 21, 2021 in Albany County, which, among other things, partially denied a motion by defendant St. Mary's Healthcare for summary judgment dismissing the complaint against it, (2) from an order of said court, entered June 6, 2022 in Albany County, which, among other things, granted plaintiff's motion for leave to serve amended expert witness disclosure, and (3) from an order of said court, entered June 6, 2022 in Albany County, which, among other things, granted plaintiff's motion for leave to serve a second amended bill of particulars.
The underlying facts of this case are set forth in our prior decision (212 AD3d 904 [3d Dept 2023]). As relevant here, the timeline regarding the discovery and disclosure issues before us is undisputed. Plaintiff filed a note of issue and certificate of readiness in October 2020. On that same date, plaintiff served an amended bill of particulars that alleged negligence with respect to defendant St. Mary's Healthcare's sonographer. In response to this, on November 6, 2020, St. Mary's disclosed a document referred to as the sonographer's worksheet. Plaintiff served additional expert disclosure on November 13, 2020. On February 12, 2021, St. Mary's filed a motion for summary judgment. Thereafter, in both February and April, plaintiff again served supplemental expert disclosure, all without leave of court. While St. Mary's did not object to plaintiff's February disclosure, concerning its expert sonographer, it rejected plaintiff's April disclosure as untimely. This disclosure included notice of an expert radiologist, supplemented previous disclosure and purported to allege new claims and theories. St. Mary's promptly moved to preclude this disclosure from being considered in opposition to its summary judgment motion or at trial.
Supreme Court decided both of St. Mary's motions (summary judgment and preclusion) in its December 21, 2021 order, wherein the court granted summary judgment as it pertained to plaintiff's claims for lack of informed consent and negligent hiring, training and supervision but denied the remainder of the motion without prejudice, finding it premature. The court further vacated the note of issue and conditionally granted St. Mary's motion to preclude unless plaintiff sought leave of court within 30 days to supplement her amended bill of particulars and to serve her April 2021 expert disclosure. Plaintiff thereafter filed motions for leave to amend her bill of particulars and to serve the expert disclosure. Supreme Court granted these motions in two separate orders entered on June 6, 2022. Defendant appeals all three orders.
"Supreme Court is vested with broad discretion in addressing expert disclosure issues" (Gross v Sandow, 5 AD3d 901, 902 [3d Dept 2004] [citations omitted], lv dismissed & denied 3 NY3d 735 [2004]; see Washington v Trustees of the M.E. Church of Livingston Manor, 162 AD3d 1368[*2], 1369 [3d Dept 2018]) "and generally its determinations will not be disturbed in the absence of a clear abuse of discretion" (Reus v ETC Hous. Corp., 203 AD3d 1281, 1283 [3d Dept 2022] [internal quotation marks and citations omitted], lv dismissed 39 NY3d 1059 [2023]; see Rote v Snyder, 195 AD3d 1130, 1132 [3d Dept 2021]).CPLR 3212 (b) provides that "[w]here an expert affidavit is submitted in support of, or [in] opposition to, a motion for summary judgment, the court shall not decline to consider the affidavit because an expert exchange pursuant to [CPLR 3101 (d) (1) (i)] was not furnished prior to the submission of the affidavit."
St. Mary's contends that Supreme Court erred in its December 2021 order based on the court's finding that CPLR 3212 (b) required it to consider the affidavits in opposition to the summary judgment motion, and that in acting on said error it failed to exercise its discretion to reject the expert affidavits, especially in light of plaintiff's violation of the pretrial discovery order and the Third Judicial District Expert Disclosure Rule. We are not persuaded. Initially, we note that the December 2021 order precluded, albeit conditionally, plaintiff's expert disclosure. Furthermore, while Supreme Court did make reference to the language of CPLR 3212 in its decision, it did not decide the motion for summary judgment on the merits, but rather denied it without prejudice as premature, basing this finding on the post-note-of-issue disclosure of the "sonographer worksheet," and the attendant need for discovery with regard to same. After consideration of the state of the case as it then existed before it, the court properly found the note of issue "clearly" premature and vacated same.
We find that Supreme Court properly exercised its discretion, both in its December 2021 order conditionally precluding the expert affidavits, and the June 2022 order permitting leave for plaintiff to serve her expert disclosure. "CPLR 3101 (d) [(1) (i)] was intended to provide timely provision of expert witness information between parties so that parties could adequately and thoroughly prepare for trial" (Bauernfeind v Albany Med. Ctr. Hosp., 195 AD2d 819, 820 [3d Dept 1993], lv dismissed & denied 82 NY2d 885 [1993]; see McColgan v Brewer, 84 AD3d 1573, 1576 [3d Dept 2011]). Although the court has discretion to preclude expert testimony for failure to comply with this statute, "the remedy of preclusion is drastic . . . and is therefore reserved for those instances where the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (D.A. Bennett LLC v Cartz, 113 AD3d 945, 946 [3d Dept 2014] [internal quotation marks and citations omitted]; see Hubbell, Inc. v Lazy Swan Golf & Country Club LLC, 187 AD3d 1448, 1450-1451 [3d Dept 2020]; Seale v Seale, 149 AD3d 1164, 1165 [3d Dept 2017]).
There is no evidence in the record to suggest that plaintiff's failure to disclose was willful, intentional or in bad faith[*3]. Moreover, as this case was not scheduled for trial and Supreme Court vacated the note of issue, St. Mary's cannot assert that it does not have sufficient time to prepare for trial (see Hubbell, Inc. v Lazy Swan Golf & Country Club LLC, 187 AD3d at 1451; McColgan v Brewer, 84 AD3d at 1576; Washington v Albany Hous. Auth. 297 AD2d 426, 428 [3d Dept 2002]). As preclusion is a draconian measure (see Mead v Dr. Rajadhyax' Dental Group, 34 AD3d 1139, 1141 [3d Dept 2006]; Gushlaw v Roll, 290 AD2d 667, 669 [3d Dept 2002]) and Supreme Court has "broad discretion to supervise disclosure and fashion appropriate remedies for noncompliance" (Harrington v Palmer Mobile Homes, Inc., 71 AD3d 1274, 1274-1275 [3d Dept 2010]), the court employed, but did not abuse, its discretion when it only conditionally precluded disclosure of the information contained in the expert disclosure affidavits and subsequently permitted plaintiff to serve her fourth amended expert witness disclosure (see Washington v Trustees of the M.E. Church of Livingston Manor, 162 AD3d at 1369; Graham v New York State Off. of Mental Health, 154 AD3d 1214, 1216-1217 [3d Dept 2017]; Downes v American Monument Co., 283 AD2d 256, 256 [1st Dept 2001]).
We next reject St. Mary's assertion that Supreme Court erred in granting plaintiff's motion to amend her bill of particulars. "Generally, leave to amend a bill of particulars should be freely given" (Wilcox v Newark Val. Cent. Sch. Dist., 129 AD3d 1230, 1232 [3d Dept 2015] [citations omitted], lv dismissed 26 NY3d 1060 [2015]; see Burns v Kroening, 164 AD3d 1640, 1641 [4th Dept 2018]; CPLR 3025 [b]), "in the absence of prejudice or surprise to the opposing party" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 103 [3d Dept 2017] [internal quotation marks and citation omitted]; Catlyn & Derzee, Inc. v Amedore Land Devs., LLC, 169 AD3d 1319, 1320 [3d Dept 2019]). "This favorable treatment applies even if the amendment substantially alters the theory of recovery" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014] [internal quotation marks and citations omitted]). "Prejudice is more than the mere exposure of a party to greater liability. Rather, there must be some indication that the party has been hindered in the preparation of its case or has been prevented from taking some measure in support of its position" (Lilley v Greene Cent. Sch. Dist., 187 AD3d 1384, 1389 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]). "A trial court's determination regarding a motion to amend will not be disturbed on appeal absent an abuse of discretion" (Wilcox v Newark Val. Cent. Sch. Dist., 129 AD3d at 1232 [citations omitted]).
St. Mary's insists that Supreme Court erred in granting plaintiff's motion to amend the bill of particulars to specifically include the actions of the sonographer and more importantly, the radiologist, Barry S. Goldberg, as the statute of limitations has run against him individually. We disagree. [*4]The complaint asserts that St. Mary's is vicariously liable for the actions of its agents. As plaintiff's action against St. Mary's was timely commenced and the radiologist is not a necessary party to the action, the running of the statute of limitations does not compel dismissal of plaintiff's claim against the hospital (see Parrilla v Buccellato, 102 AD3d 664, 664 [2d Dept 2013]; Shapiro v Good Samaritan Regional Hosp. Med. Ctr., 55 AD3d 821, 823 [2d Dept 2008]). St. Mary's reliance on Magriz v St. Barnabas Hosp. (43 AD3d 331 [1st Dept 2007]) as controlling is misplaced because "plaintiff's timely commencement of this action against [it] distinguishes this case from Magriz" (Shapiro v Good Samaritan Regional Hosp. Med. Ctr., 55 AD3dat 823-824).
Rather, this question necessarily turns on whether plaintiff is entitled to invoke CPLR 203 (f). We hold that she is. A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed as long as the earlier pleading gives the defendant sufficient notice of the transactions out of which the new claims arise (see CPLR 203 [f]). The original bill of particulars contains allegations that St. Mary's, its agents, servants, employees and contractors failed to treat plaintiff's medical problems and conditions; failed to appreciate plaintiff's signs, symptoms and complaints consistent with lower extremity deep vein thrombosis; failed to properly diagnose, order and perform timely, necessary and indicated laboratory tests, scans and imaging proximately causing plaintiff's injuries and damages. Given the foregoing, it is disingenuous at best to argue that St. Mary's did not have notice that the actions of the sonographer and radiologist would be examined vis-À-vis plaintiff's claim of negligence. As the allegations are based on the same facts and merely add a new theory of recovery, and the proof necessarily flows from the information contained in the pleadings (see Duffy v Horton Mem. Hosp., 66 NY2d 473, 477 [1985]; Bilhorn v Farlow, 60 AD2d 755, 755 [4th Dept 1977]; Cerrato v Crown Co., 58 AD2d 721, 721 [3d Dept 1977]), we find that Supreme Court did not abuse its discretion in granting the motion to amend (see Cusson v Hillier Group, Inc., 172 AD3d 1519, 1522 [3d Dept 2019]; Wilcox v Newark Val. Cent. Sch. Dist., 129 AD3d at 1232; Leclaire v Fort Hudson Nursing Home, Inc., 52 AD3d 1101, 1102 [3d Dept 2008]).
Garry, P.J., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the orders are affirmed, with costs.