Mongeau v SR Taxi Corp. (2025 NY Slip Op 00918)

Mongeau v SR Taxi Corp.

2025 NY Slip Op 00918

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Index No. 10409/07 Appeal No. 3718 Case No. 2024-01143 

[*1]Bethany Mongeau, Plaintiff-Respondent,
v
SR Taxi Corp. et al., Defendants-Appellants, Abdelazim Mansour et al., Defendants.

McGivney, Kluger, Clark & Intoccia, P.C., New York (Stephen B. Toner of counsel), for appellants.
The Breakstone Law Firm, P.C., Bellmore (Jay L.T. Breakstone of counsel), for respondent.

Judgment, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about February 5, 2024, upon a jury verdict in plaintiff's favor and against defendants SR Taxi Corp. and Public Administrator of Kings County as Administrator of the Estate of William Cora, deceased (together, defendants), bringing up for review trial rulings which denied defendants' motion in limine to limit the testimony of plaintiff's experts and defendants' motions for a mistrial, and bringing up for review an order, same court and Justice, entered on or about November 22, 2022, which denied defendants' motion in accordance with CPLR 4404(a) to set aside the verdict and enter judgment in their favor or, alternatively, to order a new trial, unanimously affirmed, without costs.
Initially, we note that defendants previously appealed Supreme Court's November 22, 2022 order denying defendants' posttrial motion; however, that appeal was automatically dismissed for failure to perfect (22 NYCRR 1250.10[a]). To the extent that dismissal might operate "as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal" (Bray v Cox, 38 NY2d 350, 353 [1976]), we exercise our discretion to hear this appeal on the merits (see Faricelli v TSS Seedman's, 94 NY2d 772, 774 [1999]).
Supreme Court properly denied defendants' motion to set aside the verdict in accordance with CPLR 4404(a) because the jury verdict was not contrary to the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). The jury's determination that plaintiff sustained a serious injury involving a permanent consequential limitation of use of a body organ or member within the meaning of Insurance Law § 5102(d) was based on a fair interpretation of the evidence (see Lolik, 86 NY2d at 746). The record contains sufficient evidence, including, medical records, testimony, expert reports, and the reports of two of plaintiff's treating physicians, to support this determination (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-353 [2002]).
Defendants failed to preserve their argument that the jury's verdict that plaintiff sustained a permanent consequential limitation of use of a body organ or member was inconsistent with their verdict that plaintiff did not sustain a significant limitation of use of a body function or system, and we decline to consider it (see Rosenthal v Sperling, 233 AD3d 500, 500 [1st Dept 2024]; Jecan v Call, 266 AD2d 155, 155 [1st Dept 1999]). The lack of a timely objection to the verdict prior to the jury being discharged deprived Supreme Court of an opportunity to take corrective action, such as resubmitting the matter to the jury (see Barry v Manglass, 55 NY2d 803, 806 [1981]). In any event, we perceive no irreconcilable inconsistency on this record.
Plaintiff established her lost earnings with reasonable certainty, and the jury's award of $990,000 for past lost earnings is not against the weight of the evidence. The amount of damages was [*2]primarily a question for the jury, which was entitled to credit or discredit the testimony of plaintiff's expert witnesses regarding plaintiff's physical condition and her ability to work, as well as the testimony of defendants' witnesses on that issue (see Deleon v Keystone Frgt. Corp., 104 AD3d 541, 541-542 [1st Dept 2013]). Moreover, the jury's award of $990,000 amounts to approximately 40% of plaintiff's expert's total valuation of her past earnings, suggesting that the jury considered defendants' arguments that plaintiff failed to mitigate her damages.
The court providently exercised its discretion in deeming plaintiff's late service of her expert economist's report as to his valuation of her lost earnings claims to be, in effect, an amendment of her bill of particulars, and permitting the amendment. The valuation did not advance an alternative theory of liability and defendants did not show prejudice or ask for any alternative remedy (see Wilcox v Newark Val. Cent. Sch. Dist., 129 AD3d 1230, 1232-1233 [3d Dept 2015], lv dismissed 26 NY3d 1060 [2015]).
The court also providently exercised its discretion in allowing plaintiff's expert orthopedist to testify concerning MRIs taken after his initial report was prepared, notwithstanding the untimeliness of her disclosure under CPLR 3101(d)(1)(i). There is no evidence that the belated supplemental disclosure was due to plaintiff's willful noncompliance or that defendants were prejudiced by the belated disclosure, especially given that defendants' expert orthopedic surgeon addressed the same MRIs in his report (see Louise v Hampton Jitney, Inc., 193 AD3d 514, 514 [1st Dept 2021]).
Finally, the court properly denied defendants' separate motions for a mistrial. The testimony of plaintiff's expert orthopedist that surgery could be performed to stabilize plaintiff's spine and the risks of improper treatment included quadriplegia was brief and not revisited during the trial. In any event, the jury's award of $66,666 for future pain and suffering over 30 years and $0 for future lost earnings suggests they did not find the testimony persuasive. Accordingly, it "was not so prejudicial as to require a mistrial" (Thompson v Rodney, 201 AD3d 452, 452 [1st Dept 2022]). Separately, defendants were not prejudiced by plaintiff's failure to disclose her 2017 and 2018 tax returns because her expert, although provided with the returns, did not rely on them in drafting his report and reaching his conclusion.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025